15705. INTEGRITY MUTUAL CASUALTY Co. *et al. v.* JONES *et al.*

STEPHENS, J. 1. A laborer who is employed to assist in hauling logs upon an automobile from a swamp to his employer's sawmill located elsewhere, and who is permitted by his employer to ride upon the truck when going to the mill from the swamp for the purpose of bringing back logs, is in the discharge of his duties when so riding upon the truck; and where injured by falling from the truck, his injury arises out of and in the course of his employment.

2. Although at the time of the injury such employee was riding at a dangerous place on the fender of the truck, where he had voluntarily placed himself after having been warned of the danger and although the employer had issued a rule to the effect that the employees riding

upon the truck should not ride in such position, yet where it does not appear that such rule had been approved by the industrial commission, the employee is not barred from a recovery of compensation by reason of any breach by him of the rule, since such bar applies only where the rule has the approval of the commission. Ga. L. 1920, p. 167, sec. 14.

3. Where such employee, while riding in such a position on the fender of the truck, was thrown off by the swerving of the truck, caused by the action of the driver, and was killed, although the employee had been ordered by the driver, with authority from the employer, not to ride there, the inference is authorized that his death was caused by negligence of himself or of his employer, and not by wilful misconduct on his part.

4. In an application by the wife of the laborer to recover compensation for his death the industrial commission was authorized to make an award of compensation.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 14, 1925.

Appeal; from Laurens superior court—Judge Kent. May 31, 1924.

*Harry L. Greene, McDaniel & Neely,* for plaintiffs in error.
*R. Earl Camp,* contra.