ÆTNA LIFE INSURANCE COMPANY *et al. v.* CARROLL.

334

No. 7095.  October 19, 1929.

338

340

*Bryan & Middlebrooks,* for plaintiffs in error.

*Colquitt & Conyers* and *Sidney Smith,* contra.

HINES, J.   (After stating the foregoing facts.)

■ The main question in this case is whether compensation for the death of an employee, caused by a collision between his automobile and a train should be denied merely because the employee violated the traffic law embraced in section 2 of the act of August 15, 1921, such violation being made a crime, upon the ground that the failure to observe such law on approaching a railroad-crossing was wilful misconduct or wilful failure or refusal to perform a statutory duty within the meaning of section 14 of the workmen's compensation act of this State.   That section is as follows:   "No compensation shall be allowed for any injury or death due to the employee's wilful misconduct, including intentional self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication or wilful failure or refusal to use a safety appliance or perform a duty required by statute, or the wilful breach of any rule or regulation adopted by the employer and approved by the Industrial Commission, and brought prior to the accident to the knowledge of the employee.   The burden of proof shall be upon him who claims an exemption or forfeiture under this section."   Acts 1920, p. 170; Park's Code Supp. 1922, § 3154(n).   The particular portions of this section with which we are concerned are

those embraced in the words "wilful misconduct," and "wilful failure or refusal to . . perform a duty required by statute." In interpretating this section we should give it a liberal construction, and as broad an interpretation as can be fairly given to it. Moore *v.* Lehigh Valley R. Co., 169 App. Div. 177 (154 N. Y. Supp. 620); *Van Treeck* v. *Travelers Ins. Co.,* 157 *Ga.* 204 (121 S. E. 215). In doing so, however, we can not go beyond the plain intention of the act. Furthermore, we should bear in mind that this section abolishes the doctrine of contributory negligence, and the doctrine of the assumption of. risks by the servant. We must also bear in mind the well-known rule of statutory construction that all words of a statute are to be given some weight and meaning, if this is possible. What, then, is the meaning of the words "wilful misconduct," and of the words, "wilful failure or refusal to . . perform a duty required by statute," as used in this section?

This act does not define the meaning of wilful misconduct. It specifies certain instances of wilful misconduct. These include a self-inflicted injury, an injury growing out of an attempt by the employee to injure another, an injury due to intoxication, an injury due to wilful failure or refusal to use a safety appliance, an injury due to the failure or refusal of an employee to perform a duty required by statute, and an injury due to a wilful breach by the employee of any rule or regulation adopted by the employer and approved by the Industrial Commission, and brought to the knowledge of the employee before the accident. This enumeration is not intended to be exhaustive of acts constituting wilful misconduct; but the instances cited are given as illustrations of wilful misconduct. Many other things besides those enumerated may constitute wilful misconduct. The scope and meaning of these or similar words have been considered in cases involving violations of instructions, orders, or rules of employers, violations of municipal ordinances and statutes, and the doing of hazardous acts by employees where the danger was obvious and patent. The general rule is that the mere violations of instructions, orders, rules, ordinances, and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct; and where the misconduct consists of a failure or refusal to perform a duty required by statute, a bare failure or refusal, without more, does not constitute a wilful failure

or refusal to perform such duty. This is so for the reason that such violations generally constitute negligence, and that mere negligence does not constitute wilful misconduct, and will not defeat recovery of compensation by the employee or his dependents. Mere violation of rules, when not wilful or intentional, is not wilful misconduct within the meaning of the laws upon the subject of workmen's compensation. There must be something more than thoughtlessness, heedlessness, or inadvertence in violating a rule or order of the employer, to constitute wilful misconduct. There must be a wilful breach of the rule or order. The mere violation of rules, when not wilful or intentional, is not "wilful misconduct." If the workman is acting within the scope of his employment, mere disregard of a rule or order does not become such misconduct, unless the disobedience be in fact wilful or deliberate, and not a mere thoughtless act done on the spur of the moment. Harris v. Dobson, 150 Md. 71 (132 Atl. 374); Ex Parte Woodward Iron Co., 212 Ala. 220 (102 So. 103); Leonard v. Cranberry Furnace Co., 150 Tenn. 346 (265 S. W. 543); Kingsport Foundry & Machine Works v. Sheffey, 156 Tenn. 150 (299 S. W. 787).

Misconduct is improper or wrong conduct. When improper or wrong conduct is intentionally or deliberately done, it becomes wilful misconduct. It is true that wilful misconduct means something different from and more than negligence. Wilful misconduct by an employee, preventing recovery of compensation, involves an intentional, deliberate action, with a reckless disregard of consequences, either to himself or another, something less than self infliction of injury, but greater than gross negligence or wanton carelessness. Wilful misconduct is much more than mere negligence, or even than gross negligence. It involves conduct of a quasi-criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences. In re Burns, 218 Mass. 8 (105 N. E. 601, Ann. Cas. 1916A, 787); Great Western Power Co. v. Pillsbury, 170 Cal. 180 (149 Pac. 35, 9 N. C. C. A. 466); U. S. F. & G. Co. v. Ind. Acc. Com., 174 Cal. 616 (163 Pac. 1013); Shafter Estate Co. v. Ind. Acc. Com., 175 Cal. 522 (166 Pac. 24); Baltimore Car Foundry Co. v. Ruzicka, 132 Md. 491 (104 Atl. 167, 4 A. L. R. 113); Clem v. Chalmers Motor Co., 178 Mich. 340 (144 N. W. 848, L. R. A. 1916A, 352,

4 N. C. C. A. 876) ; Beckle's Case, 230 Mass. 272 (119 N. E. 563) ;
Silver's Case, 260 Mass. 222 (157 N. E. 342) ; Maryland Cas. Co. v.
Ind. Acc. Com., 39 Cal. App. 229 (178 Pac. 543) ; Gignac v.
Studebaker Corp., 186 Mich. 574 (152 N. W. 1037) ; Durgin's Case,
251 Mass. 427 (146 N. E. 694) ; Haskell & Barker Car Co. v.
Kay, 69 Ind. App. 545 (119 N. E. 811) ; Indianapolis H. & L. Co.
v. Fitzwater, 70 Ind. App. 422 (3) (121 N. E. 126) ; Riley's Case,
227 Mass. 55 (116 N. E. 259). Wilful misconduct includes all
conscious or intentional violations of definite law or rules of con-
duct, obedience to which is not discretionary, as distinguished from
inadvertent, unconscious, or involuntary violations. Ex parte
Woodward, supra. The conscious and intentional violation of a
penal statute, which constitutes wilful misconduct of the employee,
is the conscious or intentional doing of an act which violates the
statute, though he be not thinking of breaking it. Sloss-Sheffield
S. & I. Co. v. Greer, 216 Ala. 267 (113 So. 271). The test of mis-
conduct in the case at bar is not the doing of an act for the purpose
of and with a specific intent of violating the statute, but the wilful
and conscious doing of the act which is in violation of the statute.
To require of the employer to show that the employee thought of
the statute and deliberated as to its breach would take away the
defense of this wilful violation, and would unduly limit the scope
or definition of wilful misconduct. Stockdale v. Ind. Com., 76
Colo. 494 (232 Pac. 669) ; Sloss-Sheffield S. & I. Co., supra. We
have shown above that wilful misconduct involves conduct of a
quasi-criminal nature. This being so, then criminal conduct is wil-
ful misconduct. If conduct ever becomes misconduct, and if mis-
conduct ever becomes wilful misconduct, it is when an employee in-
tentionally commits a crime which results in his injury or death.
So we are of the opinion that the commission of a crime is wilful
misconduct within the meaning of our statute; and that the em-
ployer should not be required to make compensation for his injury,
or death, due to his violation of a criminal statute, such violation
being the proximate cause of his injury or death. While generally
the mere violation of a statute is negligence, if such statute is a
penal statute, and its violation is a crime, the transaction loses its
character of negligence, and becomes wilful misconduct within the
meaning of our compensation act. The demarkation line lies where
conduct which would otherwise be mere negligence becomes criminal.

It would be unreasonable to hold that an employee was not guilty of wilful misconduct in committing a crime which resulted in his death, when he failed or refused to perform a duty required of him by statute, such failure or refusal being made a crime and punishable as such by the statute imposing the duty. The master should not be compelled to compensate the employee for his injury, or his dependents for his death, caused by his violation of a criminal statute. This proposition is sustained by authorities and by what we deem to be the better rule in this matter. It has been well held "that a workman who violates a reasonable rule made for his own protection from serious bodily injury or death is guilty of misconduct, and that where the workman deliberately violates the rule with knowledge of its existence, and of the dangers accompanying the violation, he is guilty of wilful misconduct." Great Western Power Co. v. Pillsbury, supra; Hyman Bros. &c. Co. v. Ind. Acc. Com., 180 Cal. 423 (181 Pac. 784); Bayshore Laundry Co. v. Ind. Acc. Com., 36 Cal. App. 547 (172 Pac. 1128); Brooker v. Warren, 23 T. L. R. 205, 51 S. J. 171—C. A., 22 Mews Dig. Eng. Cas. L. 1668; George v. Glasgow Coal Co., 2 B. W. C. C. 125, 99 L. T. 782; Haskell & Barker Car Co. v. Kay, supra.

The case is much stronger where the violation consists of a violation of a criminal statute. Where a miner, disregarding a statute, entered a gaseous section of a coal mine, the statute prohibiting workmen from entering such premises, and declaring a violation thereof to be a misdemeanor, his injury by an explosion of gas ignited when he attempted to light a fuse was held not compensable as an inquiry "in the course of employment." Walcofski v. Lehigh Valley Coal Co., 278 Pa. 84 (122 Atl. 238). In the opinion in that case it was said: "To sustain the act of claimant 'as at best contributory negligence,' which is no defense to a claim under the workmen's compensation law, is to set up a quasi-legal excuse for the commission of a crime. The offense is not obliterated by the provision calling for punishment, nor by its enforcement. The law will not permit the offender, the penalty paid or unpaid, to otherwise reap substantial fruits from the crime. If we allow a recovery, we force the employer to pay the criminal for an illegal act, which may bring death to many in its train." The death of a miner by running a gravity car, for which service he was not employed, and which was a misdemeanor under the mining

statutes, precluded his widow from obtaining compensation. Pokis *r.* Buck Run Coal Co., 286 Pa. 52 (132 Atl. 795). "The courts will not allow compensation to an employee who is injured while performing an act which is in violation of the criminal laws of the State. . . To allow recovery would force the employer to pay the criminal for an illegal act." Skinner's Pa. Com. Law. 47. Injuries to employee, brought upon himself by criminal conduct, are not compensable. McDevitt *v.* Checker Cab Co., 288 Pa. 394 (136 Atl. 230). In Shoffler *v.* Lehigh Valley Coal Co., 290 Pa. 480 (139 Atl. 192), this ruling was made: "An injury, though occurring from a cause and at a time and place within course of employment, is not compensable if it occurs during abandonment of premises or *in commission of an act in violation of law* or contrary to positive orders of employer." "An employee who, in the course of his employment, was killed as the result of the overturning of an automobile being driven by him along a public highway at a rate of speed prohibited and made punishable as a criminal offense by the motor-vehicle act (Stats. 1913, p. 649), was guilty of wilful misconduct precluding an award of compensation, within the meaning of the workmen's compensation act of 1913, notwithstanding a finding of the industrial accident commission that the employee, in driving at such rate of speed, was not acting in violation of any rule made by his employer, and that such speed was not unusual according to the usage of the vicinity, and was not so in excess of customary rates of speed as to amount to speed mania, and did not amount to more than ordinary negligence." Fidelity &c. Co. *v.* Ind. Acc. Com., 171 Cal. 728 (154 Pac. 834, L. R. A. 1916D, 903). In the opinion in that case it was said: "The plain and unescapable fact is that the employee was criminally violating a law designed for his own protection and for that of the general public." In consequence of this fact compensation was denied. The Michigan statute provides that "if an employee is injured by reason of his intentional and wilful misconduct, he shall not receive compensation under the provisions of this act." In Fortin *v.* Beaver Coal Co., 217 Mich. 508 (supra), it was held: "A miner who crosses the bottom of the shaft instead of passing around the traveling way, which act by statute is made a misdemeanor, is guilty of intentional and wilful misconduct within the meaning of the workmen's compensation act, and no recovery can be had for his death by the

fall of coal down the shaft as he is passing." In the opinion it was said: "It would be anomalous, to say the least, to permit one statute to be invoked and award compensation thereunder for a death received while violating another statute prohibiting the act and making it a misdemeanor." With that statement we agree. So we repeat that the death of an employee, due to the violation of a penal statute, such violation being the proximate cause of his death, is due to his wilful misconduct, and is not compensable under section 14 of our compensation act.

We come now to consider the cases relied on by counsel for the claimant to sustain the proposition that the violation of statutory provisions which deal with the conduct of the employee within the sphere of his employment will not prevent recovery of compensation. In Ex Parte Woodward Iron Co., supra, the violation of a penal statute was not involved. Furthermore, as we have seen, the court in that case held that wilful misconduct includes all intentional violations of definite law or rules of conduct, as distinguished from inadvertent or involuntary violations. In Fox v. Slusser, 82 Ind. App. 565 (146 N. E. 875), the court was dealing with the violation of an order or direction of the employer. In that case the industrial board found against the contention of the employer that the employee was not entitled to compensation because of wilful misconduct, and the reviewing court held that the evidence fairly tended to sustain the finding of the board. In Lumaghi Coal Co. v. Industrial Com., 318 Ill. 151 (149 N. E. 11), the court was dealing with a violation of rules and instructions of the employer by the employee. The court, however, held that the employer is not liable where the employee exposes himself to a danger not arising from employment. That decision tends to uphold the conclusion which we reach in this case. In Big Elkhorn Coal Co. v. Burke, 206 Ky. 489 (267 S. W. 142), the court held that the intentional violation of a safety rule did not preclude a recovery under the workmen's compensation act of Kentucky. This conclusion was based upon the provision of the Kentucky statute, that in case of any intentional failure of the employee to obey a lawful and reasonable rule, order, or regulation of the employer for the safety of employees or the public, his compensation should be decreased a given per cent.

The decision in King v. Empire Collieries Co., 148 Va. 585 (139 S. E. 478, 58 A. L. R. 193), tends to support the contention of

counsel for the claimant. In that case the Supreme Court of Virginia held that "If an employee is injured by an accident which arises out of and in the course of his employment, and which proximately causes the injury complained of, he is not barred from recovery," under section 14 of the Virginia workmen's compensation act (its provisions being the same as section 14 of our act), "by the fact that at the time of the accident he was engaged in doing an act forbidden and penalized by a general statute of the State, unless the employer can show that he had knowledge of the statute, or that reasonable steps had been taken to bring notice of it to him." We do not think that this reasoning is sound. If one who is indicted and tried for a violation of a penal statute is presumed to have knowledge of its existence, and can not plead ignorance of the statute as an excuse for its infraction, there is no good reason why the same presumption does not exist when he or his dependents seek to recover compensation for his injury under our workmen's compensation law. Furthermore, in this case the evidence authorizes a finding that the employee knew of this statute. The traffic law which he violated was passed on August 15, 1921 (Ga. L. 1921, pp. 255, 256). He was injured on July 24, 1925. The evidence shows that he was secretary, assistant treasurer, and assistant general manager of a large corporation. Necessarily he was an intelligent business man. In these circumstances the inference that he was familiar with this traffic statute of our State is almost irresistible. So, if the Virginia ruling is right, the employer carried the burden in showing that the employee was familiar with this statute.

In Alexander v. Industrial Board, 281 Ill. 201 (supra), the employee was killed while violating an ordinance of the City of Chicago, which forbade persons to walk on the tracks of elevated railroads in that city. The Supreme Court of Illinois held that the violation of this ordinance did not bar the employee from recovering compensation where the deceased had permission from the railroad company or its employees to enter upon the elevated tracks to recover tools to enable him to carry on the work of the master. In Union Colliery Co. v. Industrial Com., 298 Ill. 561 (supra), it does not appear that the statute violated was a penal statute. Besides, the employer was chargeable with notice that the employee was in the habit of violating that statute. In Bohlen-

Huse Coal &c. Co. *v.* McDaniel, 148 Tenn. 628 (257 S. W. 848), the violation of an ordinance and not a penal statute was involved; but, assuming that the ordinance provided a penalty for its infraction, the ruling in that case tends to establish the contention of counsel for the claimant.

While it thus appears that there is conflict in the decisions on this subject, after careful consideration of the matter we think that an employee who commits a crime, and is thereby injured or killed, its commission being the proximate cause of his injury or death, is guilty of wilful misconduct; and that where an employee fails or refuses to perform a duty required by statute, such failure or refusal constituting a crime, he is guilty of wilful failure or refusal; and that because of such wilful misconduct, or of such wilful failure or refusal, compensation for his injury or death should be denied.

■ We come next to consider the question whether the commissioner and the Industrial Commission made a finding that the employee was guilty of wilful misconduct within the meaning of section 14 of our compensation act. In the opinion of the commissioner, which the whole commission adopted, the general rule was recognized that negligence, however great, is not wilful misconduct, or a wilful failure or refusal to perform a duty imposed upon the employee by statute; but it was in effect held that when the conduct of the employee was of a quasi-criminal nature, such conduct was wilful misconduct. This was one of the grounds upon which compensation was denied. It is true that the commissioner in his opinion said it would nullify this penal statute to hold that the conduct of Carroll was not wilful because he was on an unfamiliar road and came suddenly upon the railroad-crossing, and that such a construction would impose upon the employer and the insurance carrier the impossible task of proving a mental state. It was further said that a man is presumed to intend the natural consequences of his act; and that the driver of a motor-car must be on the lookout for railroad-crossings. The opinion then stated facts from which the inference could be drawn that the deceased was aware of the situation, and with such knowledge he approached the crossing in violation of the statute. In other words, it was in effect found that the employee, with knowledge of the situation, intentionally committed acts which violated the statute; that in these

circumstances the burden would not rest upon the defendants of showing that he was thinking of its violation; and that the intentional violation of the statute could be inferred from his knowingly doing acts which constituted a crime. The commissioner and the commission went further, and found from the evidence that the misconduct of the deceased was wilful. The evidence authorized such finding. Under all the authorities it is held that the question whether the employee is guilty of wilful misconduct, and whether he is guilty of the wilful failure or refusal to perform a duty imposed upon him by statute, are questions of fact for the Industrial Commission; and that when the commission finds that such conduct or such failure or refusal was wilful, its findings will not be disturbed when there is evidence to support them. Properly construed the opinion holds, first, that the violation of a penal statute by an employee is of itself wilful misconduct; and second, that the misconduct of the employee and his failure or refusal to discharge the duty imposed upon him by the traffic statute in question were both wilful. So we can not agree with the Court of Appeals that the commission did not find that the employee was guilty of wilful misconduct. *Judgment reversed. All the Justices concur.*