### 37344. INDEMNITY INSURANCE COMPANY *et al. v.* DAVIS.

DECIDED OCTOBER 30, 1958—REHEARING DENIED NOVEMBER 18, 1958.

*Smith, Field, Doremus & Ringel, Richard D. Carr,* for plaintiffs in error.

*Floyd G. Hoard,* contra.

FELTON, Chief Judge. The sole question for determination in this case is whether or not the evidence demanded a finding that there had been a change in the claimant's condition.

The claimant suffered an injury to his back. By agreement he was given compensation based on temporary total disability.

The claimant's injury was diagnosed as an intervertebral disc. Subsequently, a laminectomy was performed on the claimant. The employer had the burden of proving a change in the claimant's condition. It did not, by the testimony of the neurosurgeon who performed the operation, prove such a change in condition. The gist of Dr. Gish's testimony was that at the time of his last examination of the claimant he gave the claimant a 20 percent disability but that such rating was more or less an arbitrary figure and was an over-all disability. The doctor testified that in rating the claimant on his 20 percent disability he did not take into consideration his capacity to do manual labor or to perform any particular type of labor.

This medical testimony does not preclude the possibility that the claimant at the time of the hearing was still temporarily totally disabled. A person may suffer a permanent disability of less than 100 percent and still be totally disabled temporarily under the provisions of the Compensation Act. See *Allstate Ins. Co.* v. *Starnes*, 95 *Ga. App.* 274, 276 (97 S. E. 2d 624).

The claimant's testimony did not show that he was not temporarily totally disabled. The claimant testified that he performed a few chores around the house such as bringing in kindling and light hoeing around three tomato plants. He testified that he could scarcely carry a scuttle of coal and that upon attempting to do so his back would pain him greatly and he would have to set the coal scuttle down. The claimant had only a third grade education and could perform only manual labor. He testified that the job he had held at the hatchery was about as light a work as a manual laborer could obtain. He testified that he had been told by one of his employers that he could come back to work at the hatchery but that they wanted him to wait until he could resume his full employment duties. These duties included a certain amount of lifting. When asked whether this lifting was greater than that of a scuttle of coal, the claimant answered that the lifting involved was much greater. The claimant further testified that he could tell from what amount of work he could do around the house when he would be able to resume his old job, but up until this time he had been unable to do so.

The claimant testified that he had not attempted to procure another job or other employment. However, this does not show that he could have obtained employment if he had tried. He testified that the work he had been doing at the hatchery was about as light a manual labor as one could find and he testified that he was unable to perform his old employment duties. The fact that he had not procured other employment or had even sought other employment proves nothing insofar as a change of condition in this case.

We think from the evidence that the board was authorized to find that the employer had failed to carry the burden of proof in showing a change in the claimant's condition.

The court did not err in affirming the award of the full board.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*