## 38157. BECK *v.* BROWER.

TOWNSEND, Judge. 1. It is the settled law of this State that Code § 114-105 barring an employee from the benefits of the workmen's compensation law where the injuries result from his wilful misconduct, or wilful failure or refusal to perform a duty required by statute, places the burden on the employer to show that the breach was wilful, and that it takes something more than mere negligence, or even gross negligence, to carry this burden, although the proof that the conduct was wilful and wanton is carried by a preponderance of evidence so indicating.

2. The controlling case on this question as it relates to violation of traffic laws, *Aetna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333 (150 S. E. 208) is grounded on two reasons, one being that a driver who knowingly approaches a railroad crossing at a speed in excess of the lawful limit, which excessive speed proximately causes his death, is guilty of criminal misconduct beyond mere negligence, the other being that where the Board of Workmen's Compensation finds such conduct to be wilful misconduct, that finding is binding on the appellate tribunals. Had the board in the *Carroll* case found that the conduct of the employee there was not wilful misconduct but resulted from simple negligence, the wording of the decision is such as to indicate that the finding, too, would be conclusive. "The claimant is entitled to recover unless the employer has con-

vinced the full board by a preponderance of the evidence that the claimant's injuries and disability proximately resulted from his own wilful misconduct in the commission of the unlawful act of intentionally operating his automobile at a greatly accelerated rate of speed." *Borden Co.* v. *Dollar*, 96 *Ga. App.* 489, 491 (100 S. E. 2d 607). Where the evidence shows facts which would support equally the conclusion that the employee did, or did not, wilfully violate the traffic law in question, the employer has not carried his burden by a preponderence of the evidence. Where, on the other hand, the facts found demand the conclusion that wilful misconduct of an employee in driving a heavily loaded truck greatly in excess of the speed limit was such that the truck was out of his control, and his injury or death is due solely to this fact, he cannot recover. *Hall* v. *Kendall*, 81 *Ga. App.* 592 (59 S. E. 2d 421). In the *Hall* case, however, there were two judges dissenting on the ground that even the facts shown there left an issue to be decided as a matter of fact by the Board of Workmen's Compensation and not as a matter of law by the court. The dissenting opinion in the *Hall* case was in effect followed in *Reid* v. *Raper*, 86 *Ga. App.* 277 (71 S. E. 2d 735) where it was held that merely because the claimant has violated a traffic statute, and merely because such violation is punishable as a misdemeanor, the claimant is not barred as a matter of law. All of the evidence must demand a finding that his misconduct was wilful and wanton, or else there must be a finding by the hearing tribunal that it was so wilful and wanton as to be criminal in nature, supported by some competent evidence to that effect, before this court can hold that the employer sustained the burden of showing that the violation of the traffic law or ordinance in question bars recovery.

3. The evidence in the present case reveals that the claimant, a taxi driver, who had been on duty since the previous afternoon without sleep, was dozing in the office of the taxicab company at approximately 5:30 a. m. when he was dispatched to pick up a passenger; that he entered the taxi and started towards his destination; that he remembers turning into Madison Avenue in the City of Albany but remembers nothing further until he recovered consciousness in the hospital; that a railroad track crosses Madison Avenue a short distance beyond the point where the claimant entered the street, a fact which he knew, that it was dark, rainy and foggy, but the railroad

blinker light was in operation and a train was crossing the intersection, and that the automobile crashed into the side of one of the railroad cars moving across the intersection at the time. The hearing director, in findings of fact approved by the full board, found the claimant's conduct not to be a *wilful* violation of the statute requiring him to stop and wait until the train had crossed over, although he was unable to determine whether the fact that the claimant never saw the train, and failed to stop, was due to the fact that he went back to sleep while operating the vehicle or whether he suffered a temporary blackout of some other nature. From whatever cause, the claimant established to the satisfaction of the trior of facts that he was actually unaware, and thus his failure to regard the statute could not be wilful or intentional. No person not bent on self-destruction can be said to *intend* the death or injury which results from disobedience to traffic laws, but he may intend the act which results in such death or injury. A man may intentionally become drunk, or intentionally travel at a rate of speed which under the circumstances he should know will likely result in disaster, and a fact-finding tribunal may denominate this wilful misconduct. But a man driving a car does not *intend* to go to sleep, or to lose consciousness, so the real issue before the board was not whether losing consciousness constitutes wilful misconduct, which it does not, but whether the fact-finding tribunal accepted the claimant's testimony that he did not remember what happened, from which an inference was authorized under all the facts that he had dozed off or otherwise lost consciousness at the time, and an inference that his accident resulted from wilful misconduct would be unauthorized. The board found these to be the facts, and it follows that the conduct complained of was not a wilful violation of statute so as to preclude recovery.

The judge of the superior court did not err in affirming the award.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED FEBRUARY 11, 1960.

*Ray Y. Cross*, for plaintiff in error.
*H. G. Rawls, D. C. Campbell, Jr.*, contra.