## 52967. GEORGIA DEPARTMENT OF PUBLIC SAFETY et al. v. COLLINS.

MARSHALL, Judge.

The Georgia Department of Public Safety, as self-insurer, brings this appeal from the judgment of the Superior Court of Taylor County sustaining the adoption

by the full Board of Workmen's Compensation of an award by the administrative law judge granting compensation to the widow-claimant of the deceased employee of appellant. The controlling issue is whether the deceased employee acted in a wilful and unlawful manner so as to exclude himself and his survivors from coverage by the Workmen's Compensation Act as provided in Ga. L. 1920, p. 177; 1931, pp. 7, 43 (Code Ann. § 114-105).

The relevant facts indicate that the deceased employee was a member of the GBI. He was driving an agency vehicle on an authorized mission and was proceeding on an authorized route. There was uncontradicted evidence that as he approached a bridge on a state highway he was exceeding the speed limit. The car skidded sideways, struck the bridge abutment and literally disintegrated, killing the employee instantaneously. There was no evidence as to what he was doing at the time of the fatal accident other than speeding. The state offered evidence that no distress calls were overheard by other members of the state highway patrol; there was no affirmative evidence of hot pursuit; the vehicle, though it was equipped with flashing light and siren, was not observed or heard to have been using this equipment. There was other evidence that GBI agents are authorized to apprehend traffic violators and to respond to emergency calls. When engaged in such missions, such agents are authorized to exceed the speed limit and to do so without using their flashing lights or siren. *Held:*

In the absence of affirmative evidence as to what was causing the deceased employee to exceed the speed limit at the time of his death, the physical facts give rise to a plausible inference that he was deliberately and without justification violating the law by exceeding the posted speed limit of 50-55 mph. See: *Aetna Life Ins. Co. v. Carroll*, 169 Ga. 333 (150 SE 208); *Hall v. Kendall*, 81 Ga. App. 592 (59 SE2d 421). Counterbalanced against that inference, is the presumption that a public officer is presumed faithfully and lawfully to perform the duties devolving upon him by law. *Pope v. U. S. Fidelity &c. Co.*, 200 Ga. 69, 74 (35 SE2d 899) and cits.

There is no showing by the state that the deceased

employee could not have been proceeding on an emergency call, in hot pursuit, or upon some other valid mission requiring him to exceed the speed limit, which he was lawfully entitled to do under appropriate circumstances. Thus the evidence fails to show why the deceased was exceeding the posted speed limit, an action he was authorized to take under appropriate circumstances; but, the evidence does show that he was negligent in driving upon the bridge at too great a speed regardless of his motivation therefor.

Code Ann. § 114-105, supra, in pertinent part provides that compensation shall not be allowed for death due to the employee's wilful misconduct. The burden of proof in such a case is upon the employer. Wilful misconduct is defined, in this regard, as including all conscious or intentional violations of law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious or involuntary violations. *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (1), supra. However, mere violations of instructions, orders, rules, ordinances and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct. Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents. *Aetna Life Ins. Co. v. Carroll,* supra; *Armour & Co. v. Little,* 83 Ga. App. 762 (64 SE2d 707). Moreover, it has been held that evidence of excessive speed standing alone, is not enough to establish wilful and wanton misconduct. *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232 (4) (186 SE2d 784).

We are satisfied that the evidence before the administrative law judge and the full board, while showing negligence in driving too fast under the circumstances, did not establish that a public officer, presumptively aware of his obligation to obey the law, wilfully violated the very law he was obligated to uphold. Inasmuch as the state did not meet its burden of proof to

show that the employee's death was the product of his wilful misconduct, the full board was warranted in concluding that the death was compensable, and the superior court did not err in affirming the award of the full board. *Indemnity Ins. Co. v. Davis,* 98 Ga. App. 656 (106 SE2d 172).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977.

*Arthur K. Bolton, Attorney General, J. David Dyson, Assistant Attorney General,* for appellants.

*Hudson & Montgomery, Jim Hudson, William C. Shivar,* for appellee.