56674. TRAVELERS INSURANCE COMPANY et al.
v. GAITHER.

BIRDSONG, Judge.
Workers' Compensation. This appeal follows the award of benefits in favor of the appellee by an administrative law judge and subsequent affirmances of that award by the full Board of Workers' Compensation and the Superior Court of Muscogee County. *Held:*

1. The determinative issue before this court is whether the appellee's injury was due to his own "wilful misconduct" and therefore not compensable, as contemplated by Code Ann. § 114-105. The evidence, viewed most favorably toward upholding the award, shows that the appellee was negligent in attempting to cross a railroad track and as a result collided with a train. The evidence is conflicting as to the appellee's rate of speed while attempting to cross the intersection, but the appellee testified that, prior to the accident, he "proceeded

at a slow speed looking in both directions at the crossing, seeing no train or hearing no train" and, further: "I could not have been going over ten miles an hour at the time I made the crossing." The administrative law judge, the majority of the full board, and the trial court were thus authorized, under the "any evidence" rule (see *Guye v. Home Indem. Co.*, 241 Ga. 213 (244 SE2d 864)), to conclude that the appellee "was negligent in his attempt to cross the railroad track but his negligence was not such as to amount to wilful misconduct so as to bar him from receiving compensation."

Nevertheless, the appellants argue that, as a matter of law, the violation of a penal statute (specifically, Code Ann. § 68A-701 (a) (3): failure to stop at a railroad crossing when "an approaching train is plainly visible and is in hazardous proximity to such crossing") constitutes "wilful misconduct" within the meaning of Code Ann. § 114-105, thereby barring the appellee from recovery. Preliminarily, we note that the accident in which the appellee was injured occurred in Alabama, and the appellants have failed to establish by the record what, if any, penal statute of the State of Alabama was violated by the appellee. Furthermore, the appellee testified that his vision at the site of the accident was obscured by bushes; thus, even assuming the applicability of Code Ann. § 68A-701 (a) (3), the evidence would authorize a finding that the appellee did not violate Code Ann. § 68A-701 (a) (3).

2. Assuming, arguendo, that the appellee did in fact violate a penal statute, we are unable to agree with appellants' argument that such a violation is per se "wilful misconduct" within the contemplation of Code Ann. § 114-105. The numerous cases which have attempted to correlate the violation of a penal statute with Code Ann. § 114-105, although seemingly at variance, are in agreement that "[w]ilful misconduct, or wilful failure or refusal to perform a duty required by statute, is more than negligence or even gross negligence; it involves conduct of a criminal or quasi-criminal nature, [and] . . . includes all conscious or intentional violations of definite law or rules of conduct, as distinguished from inadvertent, unconscious, or involuntary violations."

*Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333, 334 (150 SE 208). See *Ga. Dept. of Public Safety v. Collins,* 140 Ga. App. 884 (232 SE2d 160); *Argonaut Ins. Co. v. Almon,* 120 Ga. App. 869 (172 SE2d 624); *Reid v. Raper,* 86 Ga. App. 277 (71 SE2d 735).

The *Carroll* definition of "wilful misconduct" is consistent with the intent of the workers' compensation statute which is to be interpreted liberally to effectuate its remedial purposes. *Simmons Co. v. Thaxton,* 121 Ga. App. 295 (173 SE2d 429). Were we to hold, as a matter of law, that any violation of a penal statute constitutes "wilful misconduct," an otherwise entitled employee injured while driving 26 mph in a 25 mph zone would be barred from recovery of workers' compensation benefits. Such a result would not be consistent with the beneficial design of the workers' compensation statute. Accordingly, we find no error in the trial court's affirmance of the full Board of Workers' Compensation, which, under the "any evidence" rule, was authorized to find that the appellee's conduct, although negligent, was not "wilful misconduct" within the meaning of Code Ann. § 114-105.

3. The administrative law judge's findings of fact, as partially stated above, were less than comprehensive; however, the essential elements were present to satisfy Code Ann. § 114-707. *Am. Motorists Ins. Co. v. Brown,* 128 Ga. App. 813 (198 SE2d 348). Appellants' contention that the administrative law judge made insufficient findings of fact, and that the reviewing tribunals erred in basing their award thereon, is without merit.

4. The appellee's motion for damages, pursuant to Code Ann. § 6-1801, is denied.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 28, 1978.

*Neely, Neely & Player, Andrew J. Hamilton, John W. Winborne, III,* for appellants.
*James H. Fort, C. E. Walker,* for appellee.