## 58134. TERRY v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SMITH, Judge.

Appellants appeal the denial of their claims for workers' compensation benefits. We reverse and remand.

On January 3, 1977, the deceased was running errands in the company tow truck. While he was returning to his place of business, the tow truck was struck by a Seaboard Coast Line train at the Wrightsville Crossing near Manchester, Georgia. The deceased was killed instantly. Appellants filed claims for workers' compensation benefits.

The administrative law judge who heard the case denied compensation on two grounds, failure to stop at a railroad crossing as required by Code § 68A- 701(a)(3), and intoxication. See Code § 114-105. After a de novo hearing, the State Board of Workers' Compensation found that the deceased was not intoxicated, but nonetheless denied benefits on the ground that "the cause of the accident was the deceased's failure to stop at a grade crossing in violation of Code § 68A-701 [(a)] (3) . . ." On appeal to the Superior Court of Meriwether County, the board was reversed on the question of intoxication. The court upheld the denial of benefits on both grounds.

1. The State Board of Workers' Compensation found, as a matter of fact, that "the weight of the evidence showed [the deceased] was not intoxicated," notwithstanding that a blood test indicated that the deceased's blood had an alcohol content of .23 per cent. See Code § 68A-902.1(b) (3). Since there was evidence from which the board could have determined that the deceased was not intoxicated at the time of the accident, the trial court erred in reversing the board's finding with respect to intoxication. *Mission Ins. Co. v. Ware*, 143 Ga. App. 550 (239 SE2d 162) (1977).

2. The board denied compensation on the ground that "the cause of the accident was the deceased's failure to stop at a grade crossing in violation of Code § 68A-701[(a)] (3) . . ."However, the board made no finding

that the deceased's failure to stop at the stop sign was "wilful." "The general rule is that mere violations of instructions, orders, rules, ordinances, and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct; . . . Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents." *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333(a) (b) (150 SE 208) (1929). In the absence of a finding that deceased's failure to stop was "wilful" the denial of benefits by the board was erroneous. Code § 114-105; *Travelers Ins. Co. v. Gaither,* 148 Ga. App. 251 (251 SE2d 66) (1978).

3. "Neither the superior court nor this court has authority to substitute itself as a fact-finding body in lieu of the board." *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275, 277 (136 SE2d 12) (1964); *Bloodworth v. Continental Ins. Co.,* 151 Ga. App. 576 (1979). The case must be remanded to the State Board of Workers' Compensation in order that it may determine whether the deceased's failure to stop was wilful.

*Judgment reversed and remanded. Quillian, P. J., and Birdsong, J., concur.*

Submitted July 9, 1979 — Decided November 14, 1979— Rehearing denied November 28, 1979 —

*Tyron Elliott,* for appellant.
*John M. Taylor,* for appellees.