## 61326. STEED et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

DEEN, Presiding Judge.

1. This is the second appearance of this workers' compensation case. See *Terry v. Liberty Mutual Ins. Co.,* 152 Ga. App. 583 (263 SE2d 475) (1979) where this court held (1) that the finding of the Board to the effect that the deceased employee's death was not caused by intoxication is sufficiently supported by evidence, and (2) the finding of the Board that the cause of the accident was the deceased's failure to stop at a grade crossing in violation of statute was insufficient, in the absence of a finding that his failure to stop, which admittedly caused his death when his car was hit by an approaching train, was wilful. To constitute a violation of Code § 114-105 resulting in denial of compensation, there must be "wilful misconduct ... due to ... wilful failure or refusal to ... perform a duty required by statute." Mere negligence in failing to obey the statute is insufficient. *National Surety Corp. v. Martin,* 86 Ga. App. 77 (71 SE2d 666) (1952); *Travelers Ins. Co. v. Gaither,* 148 Ga. App. 251 (251 SE2d 66) (1978).

Whether the statutory infraction results from negligence or wilfulness is a question of fact, and the finding of the Board that the facts proved at the time of a collision between a vehicle driven across a railroad crossing by an employee of the defendant and an oncoming train constitute one or the other of these circumstances is final and may not be disturbed by this court if supported by evidence. *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (2-a) (150 SE 208) (1929). This leading case on car-train crossing collisions expressly overruled a prior decision of this court holding that such conduct in and of itself could not constitute a wilful failure to perform a duty required by statute. And in *Beck v. Brower,* 101 Ga. App. 227 (113 SE2d 220) (1960) the issue was aptly summarized as follows: "The controlling case on this question as it relates to violation of traffic laws, *Aetna Ins. Co. v. Carroll,* 169 Ga. 333 [supra] is grounded on two reasons, one being that a driver who knowingly approaches a railroad crossing at a speed in excess of the lawful limit, which excessive speed proximately causes his death, is guilty of criminal misconduct beyond mere negligence, the other being that where the Board of Workmen's Compensation finds such conduct to be wilful misconduct, that finding is binding on the appellate tribunals. Had the board in the *Carroll* case found that the conduct of the employee there was not wilful misconduct but resulted from simple negligence, the wording of the decision is such as to indicate that the finding, too, would be conclusive."

2. Upon the remand of this case the Board, which had previously failed to characterize the fatal act as either negligence or wilful misconduct, amended its award to make a specific ruling that the death resulted from wilful misconduct in failing to stop at a grade crossing, where the evidence showed that the deceased was familiar with the intersection; that there was a prominent crossing stop sign erected by the railroad company, that the employee's line of vision when 40 feet from the track was unimpeded for some two thousand feet, and that the train was advancing at 35 miles per hour with bell ringing and horn blowing, and that the employee made no effort to slow down or otherwise avoid the oncoming locomotive. The evidence, which the Board stated that it reconsidered in toto on remand of the case, was sufficient to support a finding of wilful failure to stop as required by law.

3. It is further complained that when this case was remanded the Board failed to re-examine witnesses or make new findings of fact. We have pointed out that the evidence would authorize, though not demand, a finding that failure to obey the statutory requirement of stopping at the crossing under all the circumstances of this case could amount to wilful misconduct, and that the Board found it to be so. The evidence in the record was sufficient to support this conclusion, either at the time of the first award or on reappraisal. Cf. *Employers Mut. Liability Ins. Co. v. Young,* 134 Ga. App. 369 (214 SE2d 381) (1975).

4. Lest it be argued that the remand of the case by this court was an exercise in futility, we emphasize that in *Terry,* supra, this court specifically ruled that the award could not be denied for a statutory infraction which failed to measure up to a wilful failure to abide the rules. The issue was then, as it had been in the first instance, for determination by the fact finding body. It is clear from *Terry* that this court left the door open for this factual conclusion to go either way, and it is clear that the Board, understanding the problem, re-examined the evidence and found that the circumstances already considered did in fact measure up to such wilfulness as to require denial of an award to the claimants. No error appears.

The judgment of the superior court affirming the ruling of the Board denying compensation is affirmed.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 29, 1981 —

*Tyron Elliott,* for appellants.

*John M. Taylor, Mary Walton Whiteman, Earl Wiggers, Jr.,* for appellees.