### S91A0539. ROY v. NORMAN.
(404 SE2d 117)

Smith, Presiding Justice.

We granted a petition for Writ of Certiorari in this Workers' Compensation case to answer the question: "Whether the employee's conduct constituted wilful misconduct within the meaning of OCGA § 34-9-17." The appellant, Milton Roy, claims that he has no liability to the appellee-employee, Leonard C. Norman, because OCGA § 34-9-17 provides for denial of Workers' Compensation benefits where the injury is due to wilful misconduct. We find no wilful misconduct on the part of Mr. Norman and we affirm.

At the time of the incident in question, Mr. Roy operated a retail tire business where Mr. Norman was an assistant manager. On the day of Mr. Norman's injury, he was supervising the loading of used tires into a trailer. The workers loading the tires complained of mosquitos and they asked Mr. Norman to light a fire to drive the mosquitos away. Mr. Norman proceeded to dispense gasoline from an on-site pump into a hard cup about the size of a coffee cup, and then to light a fire using the gasoline and some debris. He left the fire to pump gasoline into a customer's car and to give the receipts from that sale to the cashier. Mr. Norman then returned to the fire, which had died down. He stood at the fire holding a stick in one hand and the cup, half-filled with gasoline, in the other. As he stirred the fire with the stick, it flared and he was burned.

Mr. Roy sought to avoid liability by invoking OCGA § 34-9-17, arguing that when Mr. Norman dispensed gasoline into the cup (a container not approved by the State Fire Marshal), he violated OCGA § 25-2-38, a penal statute. Mr. Roy urged that under *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333 (150 SE 208) (1929), a violation of a penal statute is a per se showing of wilful misconduct.

The Administrative Law Judge rendered a decision favorable to Mr. Norman finding the following:

> Though Claimant violated the statute, he did not willfully set himself on fire. The result was involuntary, unintentional and negligent; not conscious or intentional.

That decision was made the Order of the State Board of Workers' Compensation. Mr. Roy appealed to the Superior Court of Fulton County which affirmed the decision of the Board. The Court of Appeals denied Mr. Roy's discretionary application and motion for rehearing whereupon we agreed to consider this case.

Mr. Roy alleges that the superior court erred in not reversing the Board's decision, again stressing that, under *Aetna*, supra, the Board should have found per se wilful misconduct on the part of Mr. Norman. We disagree. We interpret *Aetna* to mean whether there is wilful misconduct under OCGA § 34-9-17 due to the violation of a criminal or penal statute, is a determination for the finder of fact following the guidelines set out in *Aetna*,[1] supra at 333-334:

1. (a) The general rule is that mere violations of instructions, orders, rules, ordinances, and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct.

(b) Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents.

(c) Wilful misconduct, or wilful failure or refusal to perform a duty required by statute, is more than negligence or even gross negligence; *it involves conduct of a criminal or quasi-criminal nature, the intentional doing of something*, either with the knowledge that it is likely to result in serious injury, or with the wanton and reckless disregard of its probable consequences.

(d) Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, as distinguished from *inadvertent, unconscious, or involuntary* violations.

2. (a) Whether the employee was guilty of wilful misconduct, or was guilty of wilful failure or refusal to perform a duty imposed on him by statute, [are] *questions of fact* for the [Board of Workers' Compensation], and the findings of the [Board] upon these questions are final, and will not be disturbed where there is evidence to support them. (Emphases supplied.)

---

[1] See also *Terry v. Liberty Mut. Ins. Co.*, 152 Ga. App. 583 (263 SE2d 475) (1979).

The Administrative Law Judge made a specific finding that Mr. Norman, "did not willfully set himself on fire . . . [and] [t]he result was involuntary, unintentional and negligent." The State Board of Workers' Compensation adopted those findings of fact. " 'A finding of fact by an administrative law judge or the State Board of Workmen's Compensation, when supported by *any evidence,* is conclusive and binding. . . .' " *Bloodworth v. Continental Ins. Co.,* 151 Ga. App. 576 (260 SE2d 536) (1979). We find that the evidence in the record and the rules in *Aetna,* supra, support the decision of the Administrative Law Judge, and we hold that the superior court acted properly in affirming the Order of the State Board of Workers' Compensation.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 15, 1991 —
RECONSIDERATION DENIED JUNE 7, 1991.

*R. Glen Galbaugh,* for appellant.
*Winston P. Bethel,* for appellee.