A92A2026, A92A2027. WILBRO et al. v. MOSSMAN; and vice versa.
(427 SE2d 857)

POPE, Chief Judge.

This appeal (Case No. A92A2026) and cross-appeal (Case No. A92A2027) arise from a claim for workers' compensation benefits by Marsha Mossman against her employer Wilbro. The facts as found by the ALJ and adopted by the State Board of Workers' Compensation (the "board") are as follows:

"The employee, age 16, was employed as a sales clerk in the gift department by the employer on October 4, 1990. When she arrived at work on this date, she was instructed by her supervisor to straighten the shelves in the gift section warehouse. Another employee was also performing the same duties.

"The employee used a three-foot stepladder to reach the higher shelves. When the ladder was not sufficient to reach the high shelf, the employee stepped onto the shelves to restock the highest shelf. When she had completed her work and was about to step down, she lost her balance and grip of the shelf and fell to the floor cutting her finger and injuring her head and back. She immediately reported the accident to the employer and was taken to the hospital emergency room for treatment.

"The employee returned to work on October 12 and 13, 1990, because of toy fair day and has not worked since this date because of her low back pain.

"The employee testified that she was not instructed not to climb on the shelves to perform her work. The co-worker who was also performing the same work, Kim Fields, testified that their supervisor had instructed them to leave a shelf if it could not be reached from the ladder and not to get on top of the shelves, and the stock boys would get things from the top shelf. Ms. Fields also testified that she reminded the employee about the supervisor's instructions when she saw her climbing on the top shelves, and the employee said it was okay and did not come down.

"Adriana Tharpe, the employee's supervisor, testified that she instructed the employee and Ms. Fields to clean the shelves in the warehouse, not to do any climbing on the shelves and to only use the stepladder. She also testified that the stock boys climb on the shelves when necessary, and it is not unsafe for them to do so because it is their job.

"The employee told the employer, the hospital emergency room, and her family physician that she had fallen off the stepladder when, in fact, she had fallen off the top shelf as she was attempting to step down on the ladder when she had her accident. The employee also testified that she had seen other co-workers, including Ms. Fields, climbing on the shelves and that she never saw the top shelf stocked by any other means. Ms. Fields denied ever climbing on the shelves. The employee testified at her deposition that it struck her that it might be unsafe to climb on the shelves. At the hearing, she testified that she thought it was safe.

"The employee has been treated by several physicians, including Dr. Titus Taube, her family physician, Dr. Peter O. Holliday, III, a neurosurgeon, and Dr. Bert A. Loftman, a neurosurgeon. According to Dr. Holliday, the employee's lumbar MRI was quite abnormal, showing a degenerative blackened disc at L5 [and] S1 with slight protrusion at L2-3 consistent with a hyperextension trauma injury to the low back. Dr. Loftman diagnosed her as having low back pain from a centrally herniated lumbar lumbosacral disc. The neurological examinations were negative."

Based upon the foregoing, the ALJ made the following findings of fact:

"I find that the employee sustained an injury by accident arising out of and in the course of her employment resulting in disability. This is based upon the medical evidence presented and the undisputed facts of record that the employee was on the employer's premises carrying out her assigned duties when she accidentally fell injuring herself.

"I find that the evidence is sufficient to establish that the claim should be barred by the willful misconduct of the employee. In this regard, the employee's lack of credibility is a determinative factor. She disregarded the specific instructions of her supervisor not to climb on the shelves, did not heed her co-worker's reminder while in the act of climbing on the shelves, and, as a result, fell to the floor suffering the injuries in question. I find that the employee's action in disregard of the employer's specific instructions was willful, deliberate, conscious, and intentional.

"I find that the claim has obviously not been defended on unreasonable grounds.

"I find that the credibility of the employee's testimony has been tainted by the conflicting testimony of a co-worker and the employee's supervisor and the employee's lack of forthrightness in describing how her accident occurred wherein she told the employer and others that she fell from the ladder, when, in fact, she had fallen from the shelving. The testimony of the co-worker and the supervisor, being consistent, are more persuasive and reliable than the employee's testimony regarding the instructions not to climb on the shelves. Also, the employee's conflicting testimony as to the safeness of climbing the shelves clouds her credibility and is self-serving."

The board adopted the findings of fact of the ALJ except the board found that while Mossman's conduct was a violation of a workplace rule established by her employer, because her employer had not submitted its work-place rules to the board for approval, Mossman's violation of the rule is not misconduct sufficient to justify barring her claim for workers' compensation pursuant to OCGA § 34-9-17. When this case was first appealed to the Superior Court of Houston County, the court remanded the case to the board with instructions to reconsider its ruling in light of our Supreme Court's decision in *Aetna Life Ins. Co. v. Carroll*, 169 Ga. 333 (150 SE 208) (1929), in which that court stated that the conduct enumerated in OCGA § 34-9-17 is not exhaustive of the acts which may constitute wilful misconduct. The board reconsidered its ruling and issued a decision adhering to its earlier award. The employer again filed an appeal from that award to the superior court. In its second order concerning this case, the superior court affirmed the decision of the board awarding compensation but expressed concern that if the conduct of the employee was wilful misconduct as it was described by both the board and the ALJ that the wilful misconduct should be a basis for denial of compensation pursuant to OCGA § 34-9-17.

*Case No. A92A2026*

The employer and Travelers Insurance Company, the employer's

provider of workers' compensation insurance (hereinafter collectively referred to as the "employer"), appeal from the superior court order affirming the award of the board.

1. The employer argues that the superior court erred by affirming the board's award because it is contrary to the dictates of OCGA § 34-9-17. OCGA § 34-9-17 provides: "No compensation shall be allowed for an injury or death due to the employee's willful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another, or due to intoxication by alcohol or being under the influence of marijuana or a controlled substance, except as may have been lawfully prescribed by a physician for such employee and taken in accordance with such prescription, or willful failure or refusal to use a safety appliance or perform a duty required by statute, or the willful breach of any rule or regulation adopted by the employer and approved by the board, of which rule or regulation the employee has knowledge prior to the accident. The burden of proof shall be upon the party who claims an exemption or forfeiture under this Code section."

Thus, the first showing that the employer must make pursuant to this statute is that the employee's conduct constituted wilful misconduct. Whether an employee is guilty of wilful misconduct is a question of fact for the board and if any evidence exists to support its conclusion the board's finding will not be disturbed on appeal. *Roy v. Norman*, 261 Ga. 303, 304 (2) (a) (404 SE2d 117) (1991). With regard to what constitutes wilful misconduct, our Supreme Court has consistently held:

"(a) The general rule is that mere violations of instructions, orders, rules, ordinances, and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct.

"(b) Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents.

"(c) Wilful misconduct, or wilful failure or refusal to perform a duty required by statute, is more than negligence or even gross negligence; *it involves conduct of a criminal or quasi-criminal nature, the intentional doing of something*, either with the knowledge that it is likely to result in serious injury, or with the wanton and reckless disregard of its probable consequences." *Roy*, 261 Ga. at 304 (1) (setting forth the guidelines first outlined in *Aetna*, 169 Ga. 333).

When these guidelines are applied to the facts of this case as found by the ALJ and adopted by the board, Mossman's conduct cannot constitute wilful misconduct as a matter of law since the conduct

was at most a violation of instructions and/or the doing of a hazardous act in which the danger was obvious, but was not conduct that was criminal or quasi-criminal in nature.

2. The employer also urges us to hold that temporary shift instructions do not have to be approved beforehand by the board in order to bar benefits to an employee whose wilful misconduct violates such instructions and results in injury. This argument is mooted in this case by our holding in Division 1 that Mossman's conduct does not constitute wilful misconduct as a matter of law under the facts of this case. Nevertheless, we note that OCGA § 34-9-17 refers only to violation of a rule or regulation of the employer which has been "approved by the board. . . ." See also *Liberty Mut. Ins. Co. v. Scoggins*, 72 Ga. App. 263, 267 (1) (33 SE2d 534) (1945); *Integrity Mut. Cas. Co. v. Jones*, 33 Ga. App. 489 (2) (126 SE 876) (1925). The argument that the board does not have the resources or personnel to consider work-place rules is best addressed to the state legislature, a body empowered to provide such resources to the board.

3. We have examined the employer's remaining enumerations of error and hold they are either rendered moot by our holding in Division 1 or are otherwise without merit.

### Case No. A92A2027

Mossman's sole enumeration of error on her cross-appeal that the superior court erred by failing to grant her motion to dismiss the employer's second appeal to that court is without merit.

*Judgments affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 18, 1993.

*Irwin, Bladen, Baker & Russell, Robert F. Hamilton*, for appellants.

*Lawrence O. Guillory*, for appellee.