## 32443. FIDELITY & CASUALTY COMPANY OF NEW YORK *et al.* *v.* BARDEN.

DECIDED MAY 13, 1949.

*John M. Slaton,* for plaintiff in error.
*Fraser & Irwin,* contra.

FELTON, J. We think that the board was authorized to find that the death of the employee resulted from an accident which arose in the course of and out of the employment. The employer's place of business was one to which the public was invited, whether to do business or not. The boy possessing the pistol, after having been upon the premises and having departed, was invited back by a coemployee of the deceased in connection with a transaction purely personal to himself. This fact, however, did not render the transaction one purely personal to the deceased. Such an invitation was certainly one to be anticipated. If the deceased had been killed by the carelessness of the fellow employee, we think there would be no doubt that the injury

would be compensable. We have held that injuries to a non-participating employee caused by horse-play are compensable (*American Mutual Liability Ins. Co.* v. *Benford,* 77 *Ga. App.* 93, 47 S. E. 2d, 673), and it would seem that similar conduct by the public which is indiscriminately invited upon the premises would also render injuries to non-participating employees compensable. Furthermore, it would seem that injuries from horse-play or negligence on the part of invitees would be of more frequent occurrence than horse-play or negligence by employees, due to their preponderance in number and difference in character and habits, etc. Some courts have gone so far as to hold that the fact that the employee is stationed at a particular place at the time of subjection to danger makes the injury sustained there compensable, and that is the principle in the case of *Thornton* v. *Hartford Accident & Indemnity Co.,* 198 *Ga.* 786 (32 S. E. 2d, 816). Cases involving street dangers are based on the same principle. To be compensable, injuries do not have to arise from something peculiar to the employment. Otherwise hardly any injury due to the negligence of an employee or fellow employee or employer would be compensable. After the event, it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury. Whaley *v.* Patent Button Co., 184 Tenn. 700 (202 S. W. 2d, 649); Anderson *v.* Hotel Cataract, 70 S. D. 376 (17 N. W. 2d, 913). See Entrocut *v.* Paramount Bakery & Restaurant Co., 222 App. Div. 844 (226 N. Y. Supp. 808), where it was decided, without opinion, that where a policeman waiting to be served in a restaurant was cleaning his revolver which went off accidentally and shot a waiter as he was entering from the kitchen, the accident was compensable. See also Carmichael *v.* J. C. Mahan Motor Co., 157 Tenn. 613 (11 S. W. 2d, 672), where it was held that an employee suffered a compensable injury when he, while at his post of duty, was struck by a missile from an air rifle in the hands of children, guests of the employer, who were impliedly invited to the premises and permitted to remain there.

The court did not err in affirming the award granting compensation.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*