37158. UNITED STATES FIDELITY & GUARANTY COMPANY *et al. v.* PHILLIPS.

TOWNSEND, Judge. 1. Where one in sport or horseplay tampers with a pistol belonging to another, such acts not being properly within the course or scope of his employment, and thus creates a situation as a result of which he is accidentally shot by the owner of the pistol, the death is not compensable under the Workmen's Compensation Act. *Georgia Casualty Co.* v. *Martin*, 157 *Ga.* 909 (122 S. E. 881). Likewise, it was held in *United States Fidelity &c. Co.* v. *Green*, 38 *Ga. App.* 50 (142 S. E. 464), that were the accidental discharge of a pistol by a fellow employee occurs in a situation where it has no relation whatever to the duties and risks of the employment, it is not compensable. This rule must be qualified, however, as it was in *Fidelity & Cas. Co. of New York* v. *Barden*, 79 *Ga. App.* 260 (54 S. E. 2d 443), which also involved accidental shooting, by consideration of the rule that injuries need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the

conditions under which the employment was performed and the resulting injury.

2. The evidence on the trial of this workmen's compensation case authorized the finding of fact by the hearing director that the deceased, Maurice Phillips, was a police officer and employee of the City of Dalton; that at the time of his death he was in the course of his employment in the office of the police station; that because of his proficiency in the handling of firearms he had been instructed by his superior officer, following a course in the use of weapons which had been given to all members of the police force by a third person, to help keep the men in practice in drawing, firing and using their pistols. Phillips frequently did this at odd moments by engaging other police officers in contests and practice in drawing, aiming and firing the weapons. It was his habit to first take both pistols and unload them, and, after the practice, to reload and return the pistols. On the morning in question two police officers on squad duty made a routine check-in at the police station and while there one, a young man new to the force, engaged in practicing "quick draws" with Phillips, who had recently purchased a new holster which he stated allowed for a faster draw, each using the other's weapon. Phillips had unloaded the pistols before this occurrence. After practicing "quick draws" for several minutes, the other man went out of the room to get a drink of water and in his absence Phillips reloaded and replaced the pistol in his holster. The young policeman then returned and snapped the arm holster on his belt. Phillips, sitting at the desk, said "I can beat you with your own holster, drawing off the desk." The other immediately drew and fired. It appeared to the witnesses that Phillips threw his arms in the air and started to say something, but he was struck and fatally wounded. From these facts an inference was authorized that Phillips, realizing the policeman did not know the gun had been reloaded, attempted to warn him but did not have time. Under these facts the director was authorized to find that the deceased was engaged in instructing junior members of the force in the practice of quick drawing and shooting as he had been instructed to do, and that the accident arose out of and in the course of his employment.

The award in favor of the claimant, widow of the deceased, was affirmed on appeal by the full board, and the Judge of the

Superior Court of Whitfield County did not err in affirming the award of the full board.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958.

*Hardin, McCamy & Minor, Carlton McCamy,* for plaintiffs in error.

*Adams & McDonald, Isaac C. Adams,* contra.