42684. STEPHENS v. HARTFORD ACCIDENT & INDEMNITY COMPANY et al.

PANNELL, Judge. 1. The evidence was uncontradicted that the claimant, who worked regular hours during week days and was off at night and Sundays, was on call during his off hours, and was therefore in the course of his employment while driving to work to repair a truck in answer to a request of the manager of one of two truck stops operated by the employer. See *Lewis Wood Preserving Co. v. Jones,* 110 Ga. App. 689 (140 SE2d 113); *Hartford Acc. &c. Co. v. Souther,* 110 Ga. App. 84 (137 SE2d 705); *Hardware Mut. Cas. Co. v. Mullis,* 75 Ga. App. 233 (43 SE2d 122); *Aetna Cas. &c.*

*Co. v. Jones,* 82 Ga. App. 422 (61 SE2d 293); *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786); *Globe Indem. Co. v. MacKendree,* 39 Ga. App. 58 (146 SE 46). That the claimant was using an automobile belonging to the employer without the express permission of the employer, would therefore be immaterial, it not appearing that in so doing he was violating any rules or instructions of his employment. The evidence therefore demanded a finding that the claimant, injured in a wreck of the automobile being so used on the way to work, was in the course of his employment; and the finding of the director approved by the full board that the claimant "was not in the course of employment for employer because he was in no condition to work because of claimant's inebriation" was not authorized.

2. The finding of fact by the director, adopted by the full board, that at the time of the accident claimant "was traveling about 60 or 65 miles per hour after dark [the speed limit was 50 miles per hour] when the lights ceased to function and the wreck of employer's car occurred, causing his injury, when he was answering a call to work on a truck" prevents the application of the rule that where the accident resulting in the injury is proximately caused by claimant's intoxication the accidental injury does not arise out of the employment, although occurring during the course of the employment (see *Code* § 114-105; *Parks v. Maryland Cas. Co.,* 69 Ga. App. 720 (26 SE2d 562); *General Acc. Fire &c. Assur. Corp. v. Prescott,* 80 Ga. App. 421 (56 SE2d 137); *Shiplett v. Moran,* 58 Ga. App. 854 (200 SE 449)), and especially where there is no finding that the accident and resulting injury was in any way attributable to the claimant's alleged intoxication.

3. It follows that the ruling of the director, approved by the full board, and by the superior court on appeal "that the claimant failed to carry the burden of showing with competent, creditable evidence that he sustained a disabling injury to himself arising out of and in the course of his employment" was unauthorized and the judge of the superior court erred in affirming the same.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

ARGUED APRIL 4, 1967—DECIDED MAY 30, 1967—
REHEARING DENIED JUNE 14, 1967.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellant.
*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellees.