## 44635. FERGUSON v. CITY OF MACON.

PANNELL, Judge. 1. (a) "An injury arises 'in the course of employment,' within the meaning of the workmen's compensation act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786).

(b) "An accident arises 'out of' the employment when it arises because of it, as when the employment is a contributing proximate cause. This and the condition stated above must concur before the act can apply." Id. Hn. 2 (a).

(c) "If the work of an employee or the performance of an incidental duty involves an exposure to the perils" of handling a firearm, "the protection of the compensation act extends to the employee while he is" handling the firearm "in the performance of his duties." Id. Hn. 2 (b).

2. Where, as in the present case, a compensation claimant is employed as a deputy clerk in a recorder's court, and his duties consist, among other things, of taking guns to or from court as required in a particular case being heard, and he was on duty in an early morning hour, and a police officer came in and exhibited to the clerk a small .22 caliber derringer pistol, and the clerk undertook to examine the weapon, cocked the firing mechanism and attempted to unbreach the weapon, and it accidently fired, injuring the clerk's left hand, such injury did not arise out of the employment, for the reason that the examination of and the cocking of the firearm by the employee claimant out of which the injury arose was not incidental to any of the duties of the employee, nor did such cocking of the firearm constitute a causal connection between the conditions under which the employment was performed and the resulting injury, such as might have been the case if a police officer or other person on the premises

had accidentally discharged the firearm and injured the claimant (see *U. S. Fidel. &c. Co. v. Phillips*, 97 Ga. App. 729 (104 SE2d 542) and *Fidelity & Cas. Co. of N. Y. v. Barden*, 79 Ga. App. 260 (54 SE2d 443)), but it was solely for the gratification of the claimant's own curiosity. The mere moving of a weapon out of the way so that one may engage in the duties for which he is employed is not involved here. The evidence was sufficient to authorize the finding of facts hereinbefore set forth, and the award of the Board of Workmen's Compensation denying compensation to such clerk claimant, if supported by the evidence, must be affirmed; and this is true even though the evidence might have also supported a contrary award. Accordingly, the judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed.* *Bell, C. J., Hall, P. J., Eberhardt, Quillian, and Whitman, JJ., concur. Jordan, P. J., and Deen, J., concur specially. Evans, J., dissents.*

ARGUED SEPTEMBER 11, 1969—DECIDED JANUARY 15, 1970— REHEARING DENIED FEBRUARY 6, 1970—

*Adams, O'Neal, Steele, Thornton, Hemingway & McKenney, Hardy Gregory, Jr.,* for appellant.

*Miller & Miller, Lawton Miller, Jr.,* for appellee.

JORDAN, Presiding Judge, concurring specially. I am dubious of the use of positive statements in the opinion to the effect that the injury did not arise out of the employment and that there was no causal connection between the conditions of employment and the resulting injury. There was ample evidence from which the full board could have concluded, as did the single director, that the injury arose out of and in the course of claimant's employment. I concur in the judgment for the sole reason that if there is "any evidence" to support the award, the appellate court must affirm.

I am authorized to state that Judge Deen concurs in this view.

EVANS, Judge, dissenting. I dissent from the judgment of affirmance because of the rulings in *U. S. Fidel. &c. Co. v. Phillips*, 97 Ga. App. 729 (104 SE2d 542), and *Fidelity & Cas. Co.*

*of N. Y. v. Barden,* 79 Ga. App. 260 (54 SE2d 443), and for the reason that the accidental shooting here was similar to the facts in both of those cases in that the injuries need not arise from something peculiar to the employment but the injury is compensable if after the event it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury. It was necessary for the employee here to be around firearms and other dangerous weapons by reason of his employment, and as a result thereof he was accidentally shot in the examination of a pistol placed on his desk. It is my firm opinion that the single director correctly determined that it rose out of and in the course of his employment, and the full board erred in finding that the injury arose out of a gratification of his own "curiosity." In the hearing before the single director the claimant denied that the inspection he made of the pistol was for his own curiosity alone. As an employee of the recorder's court as a deputy clerk in which police officers, who are armed, are continuously entering his office in which firearms and other dangerous weapons are found daily, and as a result of such weapons being present, the claimant was injured. There is a causal connection between the conditions under which the employment was performed and the resulting injury. I therefore dissent from the judgment of affirmance and Headnote 2 of the syllabus opinion, since I would reverse the lower court, and the full board, as the evidence shows the accident arose out of and in the course of the claimant's employment.