### 46715.   SMITH v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

HALL, Presiding Judge. Claimant appeals from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation.

Claimant's husband (Smith) was employed as a truck driver-delivery man. On the day of his death he was accompanied by another man (Rouse) and a boy they picked up on a street corner to help them with the unloading. Both Smith and Rouse were killed, but the boy's testimony, corroborated by the circumstantial evidence of investigating officers and customers along the route, shows the following:

When they started off, Smith was driving. They went to South Carolina and made a delivery. Then they stopped for Rouse to buy a half-pint of vodka, half of which he consumed immediately and half a short while later. At the next delivery point, Smith and Rouse each had a can of beer. At this point Rouse took over the driving. Before they reached the next scheduled stop they had the accident. Rouse went into a curve at 70 miles per hour. The truck went off the road and turned over. Just a few seconds before, Smith had told Rouse to slow down.

The employer testified that he had gone immediately to the scene and had removed the disc from the tachograph.

This was offered in evidence to show a sudden drop on the graph from 70 miles per hour to 0 miles per hour. The employer also testified that only Smith had authority to drive the truck—that Rouse did not have a driver's license and had been told he could not drive for the employer.

A South Carolina highway patrolman testified that he investigated the accident; that the truck had traveled over 300 feet after it left the highway, flipping end over end several times; that both Smith and Rouse smelled strongly of alcohol; and that the speed limit on the highway was 55 miles per hour, with a posted suggested speed of 45 miles per hour at the curve.

The board found that Smith not only violated his employer's instructions, but also several penal statutes of South Carolina, i.e., he knowingly permitted another under his direction to operate a vehicle without a driver's license, under the influence of alcohol and in excess of the speed limit. It further found that these violations amounted to wilful misconduct; that the wilful misconduct was the proximate cause of his death; and therefore, no compensation should be allowed. *Code* § 114-105.

Claimant contends there was no competent evidence to support these findings of wilful misconduct—that there was no evidence Smith *knew* that Rouse did not have a license; or knew that he was intoxicated; or even that Rouse was, in fact, intoxicated; and concerning the excess speed, Smith had directed Rouse to slow down, which was all he could have done in those few seconds.

We believe the board would be authorized to infer that having consumed a half-pint of vodka and a beer within a relatively short period, Rouse was intoxicated; that Smith knew or should have known of his condition; and that in allowing him to drive, Smith acted with a wanton or reckless disregard of the probable consequences as well as in violation of penal statutes (which is wilful misconduct when the proximate cause of the death). See *Gooseby v. Pinson Tire Co.*, 65 Ga. App. 837 (16 SE2d

767); *Young v. American Ins. Co.,* 110 Ga. App. 269 (138 SE2d 385).

*Judgment affirmed. Eberhardt and Clark, JJ., concur.* SUBMITTED NOVEMBER 3, 1971—DECIDED JANUARY 6, 1972.

*Max Rubenstein, Franklin H. Pierce,* for appellant.
*Brackett, Arnall & Stephens, H. P. Arnall,* for appellees.