## 47664. GODDARD v. JACKSON-ATLANTIC, INC.

STOLZ, Judge. This is an appeal from the denial of compensation to a claimant who accidentally shot himself in the leg while at his place of work, although there are no findings of fact as to this. After delineating the testimony in the case, the hearing examiner made the following finding of facts: "I find as a matter of fact claimant did not suffer an accident and injury within the meaning of the Act. That bringing a gun into the store was against

company policy, and he had been so instructed by at least two managers under whom he was training. That there is no evidence any customer made any overt move toward him when he reached for his gun. *I find further, bringing a gun into the store against company policy amounted to wilful misconduct on the part of the claimant."* (Emphasis supplied.) Compensation was denied. The full board deleted the last sentence of the findings and substituted in lieu thereof the following: "The full board finds that the claimant's actions *under the circumstances* were deliberate, reckless and wanton and amounted to wilful misconduct (see Aetna Life Insurance Company v. Carroll, 169 Ga. 333) and that such wilful misconduct was the proximate cause of the claimant's injuries." (Emphasis supplied.) The full board also adopted the other "findings of fact" and denied compensation.

The claimant-appellant contends that the award of the full board was not authorized by the findings of fact made. *Held:*

It is apparent from a proper reading of the findings of fact that the "circumstances" referred to in the full board's *substituted* final sentence of the findings of fact, are those which are described in the *remaining* findings of fact of the hearing examiner, which were adopted by the full board and which are quoted hereinabove.

The findings of fact must be read as a whole, with a common sense construction, rather than as unrelated sentences without reference to each other. Under such a construction, it is immaterial that the full board's substituted final sentence merely incorporates by reference the preceding findings of fact as the basis for its conclusion, rather than stating the basis for the conclusion within a single sentence, as the hearing examiner's findings of fact did. See *Gatrell v. Employers Mut. Liab. Ins. Co.,* 226 Ga. 688 (177 SE2d 77).

"Under numerous decisions of this court, an award of the Workmen's Compensation Board will not be disturbed where there is any evidence to support it." *Wilson v. Aragon Mills,* 110 Ga. App. 392, 393 (138 SE2d 596); *Ferguson v. City of Macon,* 121 Ga. App. 128, 129 (173 SE2d 227); cases annotated under (Code Ann.)§ 114-710, catchwords "Conclusiveness of findings." The full board having found that the stated circumstances amounted to wilful misconduct constituting the proximate cause of the claimant's injuries and having entered an award which was supported by some evidence, this court will not disturb the

award.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Deen, Quillian and Clark, JJ., concur. Pannell and Evans, JJ., dissent.* SUBMITTED JANUARY 9, 1973 — DECIDED MAY 9, 1973.

*Burdine & Freeman, Essley B. Burdine,* for appellant.

*Charles L. Drew,* for appellee.

PANNELL, Judge, dissenting. There is no finding that claimant violated any statute of this state, although the case cited by the full board was one where compensation was denied because of the violation of a statute. We might assume, therefore, that the *wilful misconduct* consisted of the claimant's having the pistol in the place of business where he was in training as a manager, which was contrary to instructions given him by his employer, except for the fact the full board struck the finding, that the wilful misconduct consisted of this act, and substituted one finding claimant's action "under the circumstances" was wilful. What circumstances? That question remains unanswered by the findings of fact. To say that the *wilful misconduct* still consisted of the claimant's having the pistol in the place of business contrary to instructions, when that very finding of what the *wilful misconduct* had consisted was stricken by the full board is neither logical nor consistent with the board's actions. One of the grounds of appeal is statutory, that is, that the findings of fact are insufficient to support the award of no compensation. We agree. "The Georgia Workmen's Compensation Act (Code § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement, the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case. See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113)." *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598).

The award of the full board was not authorized by the findings of fact made and the judge of the superior court erred in affirming

it on appeal. I would reverse and order that the case be recommitted to the State Board of Workmen's Compensation so that proper findings of fact may be made on the issues involved.
I am authorized to state that Judge Evans concurs in this dissent.