59201. HOME INDEMNITY COMPANY et al. v. WHITE.

Carley, Judge.

Appellant-employer and appellant-insurer appeal from an award of workers' compensation to appellee-claimant made by the administrative law judge, affirmed by the full board with one dissent and affirmed by the superior court. The pertinent facts, as found by the administrative law judge and as adopted by the board, are as follows: "On April 27, 1977, the claimant was working as a helper in loading furniture in a van to be driven from Augusta, Georgia, to Tallahassee, Florida. When claimant got off work that afternoon, he and two other employees, Joseph Key and Thordice Turner, went to a liquor store where they purchased a fifth of vodka. The claimant then went home to get some sleep because they were leaving that morning to drive to Tallahassee, Florida. At 1:00 A.M. Thordice Turner drove the van to pick up the claimant and Joseph Key at their apartment house. When the claimant entered the truck, all three of the men drank some vodka from the bottle which they had purchased that afternoon. Thordice Turner was driving the truck with the claimant in the middle and Joseph Key riding in the seat next to the window. After they had driven for

approximately one-and-one-half hours, the claimant and Joseph Key went to sleep and the next thing the claimant remembered he awoke and there had been an accident involving the truck he was riding in. Harry L. Thomas, a Corporal with the Georgia State Patrol, received a call at 7:25 A.M. on April 28, 1977, to investigate an accident in Wheeler County. He found a tractor and trailer overturned with the claimant lying on the shoulder of the road and Joseph Key and Thordice Turner walking around on the shoulder of the road. Corporal Thomas smelled a strong alcoholic odor on all three of the men. He charged the driver, Thordice Turner, with driving under the influence and improper class license. A blood alcohol test report from the crime laboratory revealed that Thordice Turner had a blood alcohol count of .26. No blood alcohol test was conducted upon the claimant or Joseph Key." Appellants' application for discretionary appeal was granted in order that we might review the award based on these facts in light of Code Ann. § 114-105: "No compensation shall be allowed for an injury . . . due to the employee's wilful misconduct . . . or due to intoxication . . ."

1. These facts, which are supported by the evidence, do not demand a finding that appellant should be denied compensation under Code Ann. § 114-105 because his injuries were "due to intoxication." Even assuming that appellee was "intoxicated," the evidence does not demand a finding that his intoxication was the proximate cause of the injury. *Shiplett v. Moran,* 58 Ga. App. 854 (200 SE 449) (1938). The evidence clearly supports the finding that appellee fell asleep approximately 1-1/2 hours after leaving Augusta or about 2:30 a.m. and that the "next thing" appellee remembered was waking after the crash, approximately five hours later. The evidence shows that the driver of the truck was clearly intoxicated at the time of the incident and was charged with driving under the influence. The only evidence as to the cause of the incident was the State Patrolman's testimony that "it was the driver operating the vehicle while under the influence of alcohol." Thus the evidence does not demand a finding that *appellee's* intoxication was the proximate cause of the crash which occurred some 5-1/2 hours after he had fallen asleep. "The intoxication which produces the injury must be that of the *employee himself."* (Emphasis supplied.) 1A Larson's Workmen's Compensation Law, § 34.33, p. 6-86 (1979). See *Klein v. Maryland Cas. Co.,* 79 Ga. App. 560 (54 SE2d 277) (1949); *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232 (186 SE2d 784) (1971). On the evidence in the instant case, a finding that the proximate cause of the accident was not appellee's intoxication but the intoxication of *the driver* was authorized; there is no evidence which would demand a finding that *the accident* itself

and appellee's resulting injury was in any way attributable to *appellee's alleged intoxication.* See *Stephens v. Hartford Accident &c. Co.,* 116 Ga. App. 15 (156 SE2d 100) (1967). See also Allison v. Brown & Horsch Insulation Co., 102 A2d 493 (N. H. 1954); Beauchesne v. David London & Co., 375 A2d 920 (R. I. 1977). The issue of whether appellee's *actions* in contributing to the purchase of the vodka and the consumption thereof by the driver was the proximate cause of the driver's intoxication and bars compensation must be addressed in the context of appellee's "wilful misconduct" and not his "intoxication." Cf. *Smith v. American Mut. Liab. Ins. Co.,* 125 Ga. App. 273 (187 SE2d 299) (1972).

2. The burden of proving that an employee's "wilful misconduct" was the proximate cause of the injury he sustained is on the employer. "Wilful misconduct is defined, in this regard, as including all conscious or intentional violations of law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious or involuntary violations. [Cit.]" *Ga. Dept. of Public Safety v. Collins,* 140 Ga. App. 884, 886 (232 SE2d 160) (1977). In the instant case the alcohol was purchased by the men while they were not engaged in their employment but consumed while they were so engaged. *Adams v. U. S. Fidelity &c. Co.,* supra. From the start of the trip to the time of the accident the driver was in total control of the vehicle; the driver was solely authorized to operate it. *Ballard v. Butler,* 45 Ga. App. 837 (166 SE 220) (1932). Thus appellee did not "knowingly [permit] another. *under his direction* to operate a vehicle . . . under the influence of alcohol . . ." (Emphasis supplied.) *Smith v. American Mut. Liab. Ins. Co.,* 125 Ga. App. 273, 274, supra. He merely acquiesced in the operation of the truck by the only person authorized to do so. While the evidence demonstrates that all three men imbibed "some vodka" during the 1-1/2 hours after leaving Augusta, it also is shown that from that time until the accident only the driver remained awake. There is no evidence that at the time appellee fell asleep the driver was so intoxicated as to impair his driving abilities and no evidence as to how much vodka the driver alone may have consumed during the next 5 to 5-1/2 hour interval. Thus there is no evidence that appellee knew or should have known that the driver was grossly intoxicated immediately prior to the accident. Compare *Smith,* supra. "[O]ne who enters a car driven by an intoxicated driver, may still recover if the circumstances were such as to suggest the driver, despite intoxication, was able to drive with proper skill and diligence. [Cit.] . . . But where the driver is sober, there is no duty upon the passenger to remain awake in order to become a backseat driver, and to warn the driver against

hazards. The passenger has the right to assume the driver will obey the law and drive properly; and no duty of any kind devolves upon the passenger to take steps for his own protection until he has knowledge of the danger. [Cit.]" *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232, 235, supra. The evidence here demonstrates that the driver drove with apparent "proper skill and diligence" for some several hours after appellee went to sleep. Appellee's testimony that the driver "drinks everyday" does not, we believe, compel a finding that he knew the driver was an "habitual drunkard" within the meaning of Code Ann. § 58-1061. The evidence would clearly support a finding that the accident was proximately caused by *the driver's* intoxication and "wilful misconduct." But appellee's conduct in entering the vehicle, sharing the alcohol, acquiescing in the driver's continued operation of the truck, and falling asleep does not demand a finding of "wilful misconduct" proximately causing the accident and his injuries. *Adams,* supra. "Accordingly, we find no error in the trial court's affirmance of the full Board of Workers' Compensation, which, under the 'any evidence' rule, was authorized to find that the appellee's conduct, although negligent, was not 'wilful misconduct' within the meaning of Code Ann. § 114-105." *Travelers Ins. Co. v. Gaither,* 148 Ga. App. 251, 253 (251 SE2d 66) (1978).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JANUARY 8, 1980 — DECIDED MARCH 21, 1980 — REHEARING DENIED APRIL 3, 1980 —

*Richard S. Howell,* for appellants.
*John B. Long,* for appellee.