68144. J. C. LEWIS ENTERPRISES v. KEITH.

BIRDSONG, Judge.

We granted employer/insurer's application for discretionary appeal in order to review the superior court's judgment overturning a denial of compensation by the State Board of Workers' Compensation. The following findings and conclusions by the administrative law judge were adopted by the full board: "Claimant on February 1 and 2, 1980[,] was in the general employ of [employer] . . . as a truck salesman. . . .

"At about 3:00 p.m. on February 1, 1980[,] claimant left the premises of his employer and went to his home in Savannah. At about 5:00 p.m. on February 1, 1980[,] claimant was picked up at his home by Jack Ryals. Ryals was at this time also employed by this employer as a new car salesman. Claimant and Ryals then proceeded in Ryals'

demonstrator automobile to the home of Ryals' mother in Savannah. The demonstrator was furnished Ryals by this employer for both business and personal pleasure purposes. At about 8:00 p.m. claimant and Ryals proceeded in the demonstrator to the Sea Pride Restaurant. . . . On arrival at the Sea Pride at about 8:30 p.m. claimant and Ryals sought out the owner, Vince Iannone, to whom Ryals had earlier sold an automobile. Iannone was not present. Ryals and claimant each consumed a beer at the Sea Pride. Then the claimant and Ryals left and proceeded [to dinner at another location]. . . . No beer was consumed at [dinner]. . . . After dinner at about 9:45 p.m. claimant and Ryals drove to the home of [an acquaintance]. . . . They remained at this location for about fifteen minutes. Thereupon, claimant and Ryals returned to the Sea Pride. . . . Ryals wanted to talk to . . . Iannone about problems that Iannone was having with the car Ryals sold him. Iannone arrived at the Sea Pride at about 10:30 p.m. Iannone was too busy to talk to Ryals at this time. Claimant and Ryals continued to drink beer at the Sea Pride. During the evening claimant consumed seven or eight beers and Ryals about six or seven according to their own respective testimony. At about 1:30 a.m. claimant talked to Iannone for about two minutes concerning the selling of a truck to Iannone. Sometime thereafter claimant and Ryals left the Sea Pride in the demonstrator which was driven by Ryals. Ryals was intoxicated. Claimant knew or should have known that Ryals was intoxicated and that it was unsafe for him to drive a motor vehicle.

"At about 2:30 a.m. February 2, 1981, Ryals while driving the demonstrator in an intoxicated state struck a palm tree. . . . Claimant and Ryals were enroute to their homes at the time. Claimant who was a passenger sustained personal injuries as a result of this collision. . . . Claimant did not sustain an accidental injury which arose out of and in the course of his employment. . . .

"Additionally, it is found as a fact that claimant's injuries were caused by his wilful misconduct which consisted of his voluntarily entering a motor vehicle which was to be operated by a driver which claimant knew or should have known was intoxicated and an unsafe driver. *Home Indemnity Co. v. White*, 154 Ga. App. 225 [267 SE2d 846]." The superior court overturned the award on the ground that the board misapplied *Home Indemnity Co. v. White*, supra. *Held*:

The superior court erred in reversing the board's award. The finding of fact concerning Ryals' intoxication was amply supported by the admission by both claimant and Ryals as to the quantity of alcohol consumed during the evening and by the testimony of the police officer who arrived at the scene shortly after the accident. The police officer's testimony indicated that Ryals smelled of alcohol, acted as if he was inebriated, and refused a blood alcohol test. Claimant's admitted knowledge of the quantity of alcohol consumed by Ryals also sup-

ports the finding that claimant knew or should have known that Ryals was intoxicated and could not drive safely. "We believe the board [was] authorized to infer that having consumed [six or seven beers] within a relatively short period, [Ryals] was intoxicated; that [claimant] knew or should have known of his condition; and that in [entering the vehicle being operated by Ryals, claimant] acted with a wanton or reckless disregard of the probable consequences. . . ." *Smith v. American Mut. Liability Ins. Co.*, 125 Ga. App. 273, 274 (187 SE2d 299). "[I]f the driver is so obviously drunk as to be incapacitated to drive, one electing to become a passenger with such knowledge could not recover where the collision is caused by the driver's intoxication." *Adams v. U. S. Fidelity &c. Co.*, 125 Ga. App. 232, 235 (186 SE2d 784). See OCGA § 34-9-17. "Whether the employee was guilty of wilful misconduct . . . is a question of fact for the compensation board. . . ." *Herman v. Aetna Cas. &c. Co.*, 71 Ga. App. 464, 466 (31 SE2d 100). Because the evidence in this case supported the board's findings, the superior court erred in overturning that award. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (1) (224 SE2d 65).

Claimant contends, and the trial court agreed, that *Home Indemnity Co. v. White*, supra, compels a different result. This contention ignores the essence of the *Home Indemnity Co.* holding, which was that the evidence in that case did not demand a finding that the employee's intoxication was the proximate result of his injuries. Thus, the board's award of compensation to the employee in that case was supported by the evidence. Similarly, the evidence in this case does not demand a finding that Ryals was intoxicated and that the claimant knew or should have known of his intoxication. However, the evidence does support such a conclusion, and neither the superior court nor this court is empowered to overturn the board's findings of fact if they are supported by any evidence. *Howard Sheppard, Inc. v. McGowan*, supra.

Because of our holding with respect to the board's finding of wilful misconduct, we need not address the board's finding that the accident in this case occurred outside the scope and not in the course of the claimant's employment.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 8, 1984.

*Jack H. Usher*, for appellant.
*Charles R. Ashman*, for appellee.