69674. COMMUNICATIONS, INC. et al. v. CANNON et al.
(331 SE2d 112)

Pope, Judge.

At approximately 8:05 p.m. on December 22, 1982, Fred Cannon, Jr., employed by appellant as a construction superintendent, was killed in a head-on collision after traveling approximately 1.5 miles southbound in a northbound lane of I-75 near Perry, Georgia. At the time of the collision, Cannon was commuting home to Macon, Georgia driving a company truck from his place of employment, Valdosta, Georgia, where he had attended a company barbeque dinner. A blood-alcohol test performed on Cannon showed a level of .23 grams percent at his death.

Cannon's widow, appellee, filed a claim for workers' compensation benefits due to the death of her husband. The administrative law judge ("ALJ") found, inter alia, that the accident arose out of and in the course of Cannon's employment; that Cannon had entered the wrong lane of I-75 by traveling the wrong way on Exit Ramp 42 which was marked by a stop sign as well as a "Do Not Enter" sign; and that Cannon's blood-alcohol content registered .23 percent. The ALJ's finding of fact number 9 stated: "I find that the accident of December 22, 1982, and resulting in the death of Fred Cannon, Jr., was due to his voluntary intoxication." The ALJ denied appellee's claim. A majority of the State Board of Workers' Compensation ("full board") subsequently adopted the ALJ's findings of fact and award with the express deletion of finding number 9. Substituted therefor was the following: "At the time of the fatal collision, the deceased was traveling southbound in the northbound lane of I-75. The Board finds that this conduct was a wilful violation of a penal statute and that the violation constitutes the proximate cause of death." On appeal to the Superior Court of Houston County, the full board's award was reversed and benefits were ordered paid to appellee. The order of the trial court states in pertinent part: "[T]his court is of the opinion that neither a finding nor a conclusion of wilful misconduct due to a traffic violation is supported by the evidence." We granted appellant's application for discretionary review.

The determinative issue before this court is whether the death of Cannon, appellee's decedent, was due to his own "wilful misconduct" and therefore not compensable. OCGA § 34-9-17 provides in pertinent part: "No compensation shall be allowed for an injury or death due to the employee's willful misconduct . . . or due to intoxication or willful failure or refusal to . . . perform a duty required by statute . . . The burden of proof shall be upon the party who claims an exemption or forfeiture under this Code section." "[T]his burden need be carried only by a preponderance of the evidence." *Borden Co. v. Dollar*, 96 Ga. App. 489, 491 (100 SE2d 607) (1957). Further, as applied to the

facts of this case, the employee's wilful misconduct must be shown to have proximately caused his injury in order to deny compensation benefits to appellee. See *Home Indem. Co. v. White,* 154 Ga. App. 225 (267 SE2d 846) (1980); *Bloodworth v. Continental Ins. Co.,* 151 Ga. App. 576 (3) (260 SE2d 536) (1979).

" 'Misconduct is improper or wrong conduct. When improper or wrong conduct is intentionally or deliberately done, it becomes wilful misconduct. It is true that wilful misconduct means something different from and more than negligence. Wilful misconduct by an employee, preventing recovery of compensation, involves an intentional, deliberate action, with a reckless disregard of consequences, either to himself or another, something less than self infliction of injury, but greater than gross negligence or wanton carelessness. Wilful misconduct is much more than mere negligence, or even than gross negligence. It involves conduct of a quasi-criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences. (Cits.) Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, obedience to which is not discretionary, as distinguished from inadvertent, unconscious, or involuntary violations. (Cit.) The conscious and intentional violation of a penal statute, which constitutes wilful misconduct of the employee, is the conscious or intentional doing of an act which violates the statute, though he be not thinking of breaking it. (Cit.) The test of misconduct in the case at bar is not the doing of an act for the purpose of and with a specific intent of violating the statute but the wilful and conscious doing of the act which is in violation of the statute. To require of the employer to show that the employee thought of the statute and deliberated as to its breach would take away the defense of this wilful violation, and would unduly limit the scope or definition of wilful misconduct. (Cits.) We have shown above that wilful misconduct involves conduct of a quasi-criminal nature. This being so, *then criminal conduct is wilful misconduct.* If conduct ever becomes misconduct, and if misconduct ever becomes wilful misconduct, it is when an employee intentionally commits a crime which results in his injury or death. So we are of the opinion that the commission of a crime is wilful misconduct within the meaning of our statute; and that the employer should not be required to make compensation for his injury, or death, due to his violation of a criminal statute, such violation being the proximate cause of his injury or death.' (Emphasis supplied.) *Aetna Life Ins. Co. v. Carroll,* 169 Ga. 333, 342 (150 SE 208) [(1929), revg. *Carroll v. Aetna Life Ins. Co.,* 39 Ga. App. 78 (146 SE 788) (1928)] and cits." *Liberty Mut. Ins. Co. v. Bray,* 136 Ga. App. 587, 589-90 (222 SE2d 70) (1975).

The trial court apparently relied upon other language from the

Supreme Court's opinion in *Aetna Life Ins. Co. v. Carroll*, supra, as quoted in *Terry v. Liberty Mut. Ins. Co.*, 152 Ga. App. 583, 584 (263 SE2d 475) (1979): " 'The general rule is that mere violations of instructions, orders, rules, ordinances and statutes, and the doing of hazardous acts where the danger is obvious, do not, *without more*, as a matter of law, constitute wilful misconduct; . . . Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty required by statute, and will not defeat recovery of compensation by the employee or his dependents.' [Cit.]" (Emphasis supplied.) Accord *Travelers Ins. Co. v. Gaither*, 148 Ga. App. 251 (2) (251 SE2d 66) (1978). While this is a correct statement of law, the trial court erred in applying such to the facts of this case and reversing the decision of the full board. " 'Whether the employee was guilty of wilful misconduct . . . is a question of fact for the compensation board. . . .' *Herman v. Aetna Cas. &c. Co.*, 71 Ga. App. 464, 466 (31 SE2d 100) [(1944)]. Because the evidence in this case supported the board's findings, the superior court erred in overturning that award. *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (1) (224 SE2d 65) [(1976)]." *J. C. Lewis Enterprises v. Keith*, 170 Ga. App. 855, 857 (318 SE2d 726) (1984). See *Steed v. Liberty Mut. Ins. Co.*, 157 Ga. App. 273 (1, 2) (277 SE2d 278) (1981). Although the full board deleted the ALJ's finding that Cannon's death was due to his intoxication, the finding that Cannon's blood-alcohol content test results showed .23 grams percent remained and was adopted by the full board. The findings of fact must be read as a whole with a common sense construction. *Goodard v. Jackson-Atlantic, Inc.*, 129 Ga. App. 68 (198 SE2d 699) (1973). Reading the entire findings of fact adopted by the full board including the specified correction and amendment, the full board was authorized to find Cannon's wilful misconduct in driving with a blood-alcohol level of .23 percent, proceeding the wrong way onto an exit ramp marked with signs indicating that he was going the wrong way, and then driving southbound for approximately 1.5 miles in the northbound lane of an interstate highway. Such conduct resulted in the head-on collision which killed Cannon. The full board was, thus, warranted in concluding that Cannon's death was not compensable under OCGA § 34-9-17. See *J. C. Lewis Enterprises v. Keith*, supra; *Steed v. Liberty Mut. Ins. Co.*, supra; *Smith v. American Mut. Liab. Ins. Co.*, 125 Ga. App. 273 (187 SE2d 299) (1972); *Young v. American Ins. Co.*, 110 Ga. App. 269 (138 SE2d 385) (1964); *Gooseby v. Pinson Tire Co.*, 65 Ga. App. 837 (16 SE2d 767) (1941).

*Judgment reversed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Although I have a little difficulty agreeing that the Board could find the deceased "wilfully" violated the law by driving the wrong way on an interstate highway, nearly guaranteeing what occurred, I agree that the Board's conclusion should have been affirmed by the superior court. To conclude as a matter of fact that the deceased intentionally and deliberately and consciously took the dangerous path that he did, would require the inference that Mr. Cannon was close to desiring to commit suicide. That is a mighty leap from the evidence presented.

However, there is no doubt whatsoever that deceased was wilfully violating the law. OCGA § 40-6-391 (a) (4) provides that "[a] person shall not drive or be in actual physical control of a moving vehicle while [t]here is 0.12 percent or more by weight of alcohol in his blood." Cannon's level was .23 grams percent. The law in Georgia recognizes that a person's driving under the influence of alcohol to a certain degree "renders him incapable of safely driving." *Cargile v. State*, 244 Ga. 871 (1) (262 SE2d 87) (1979). Thus his wilful driving in a greater than presumptively intoxicated condition (OCGA § 40-6-392 (b) (3)), apparently confused his ability to perceive his peril and led him on the road to death. There was no contention that he was involuntarily intoxicated or involuntarily driving rather than being wilfully in that condition.

Correctly, then, workers' compensation would not be allowed. OCGA § 34-9-17. The preclusion comes from the "willful failure . . . to . . . perform a duty required by statute. . . ."

DECIDED MAY 22, 1985.

*Elton L. Wall, George N. Skene*, for appellants.
*Steven E. Marcus, Charles A. Mobley*, for appellees.