25170.   LIBERTY MUTUAL INSURANCE COMPANY *et al. v.* PERRY.

STEPHENS, J.   1. A "safety appliance," for a wilful failure or refusal to use which by an employee would debar him of the right to compensation under the workmen's compensation act for an injury resulting from his failure to use a safety appliance, is not necessarily an appliance physically attached to or physically connected with the machine out of the use of which by the injured employee the injury arises. Any instrumentality provided by the master for use by an employee in the operation of a machine, the use of which in the operation of the machine would reduce the danger or hazard to the employee from the machine's operation, is a safety appliance within the meaning of the expression as used in the workmen's compensation act.

2. "Wilful misconduct includes all conscious or intentional violations of definite law or rules of conduct, as distinguished from inadvertent, unconscious, or involuntary violations." *Ætna Life Ins. Co.* v. *Carroll,* 169 *Ga.* 333, 334 (150 S. E. 208).

3. Where a safety appliance provided by the master is located in proximity to the machine and is easily accessible to an employee operating the machine, and its location is known to him, and he has received specific instructions not to operate the machine without the use of the appliance, the operation of the machine by the employee without the use of the

appliance constitutes a wilful failure or refusal to use the safety appliance; and where he is injured in the operation of the machine by reason of not having used the appliance, he is, by virtue of the terms of the compensation act, barred of the right to compensation.

4. Where an employee, while engaged in the operation of a machine which is used to cut springs out of metal by a descending die, is injured by having his finger cut off by the descending die while he is engaged in extracting the metal from the machine, where the employer has provided a paddle for use by employees in extracting the metal from the machine, which he has instructed the employee to use for this purpose, and not to use his hand, and at the time the machine is being operated the paddle is at a window "within easy reach" of the employee operating the machine, and the employee knows that the paddle is there, the paddle constitutes a safety appliance for use in the operation of the machine, and the failure of the employee in the operation of the machine to use the paddle for the purpose of extracting the metal from the machine constitutes a wilful failure or refusal by him to use a safety appliance, and the injury sustained by him is caused by his wilful failure and refusal to use a safety appliance, and he is not entitled to compensation for the injury. Where the evidence before the director of the Department of Industrial Relations authorized a finding of the foregoing facts, the judgment denying compensation was authorized, and the judge of the superior court erred in sustaining the claimant's appeal.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided June 18, 1936.

*Neely, Marshall & Greene,* for plaintiffs in error.
*Hendrix & Buchanan,* contra.