## 38773. MERRY BROTHERS BRICK & TILE COMPANY v. NEELY.

DECIDED APRIL 10, 1961—REHEARING DENIED MAY 2, 1961.

*Hull, Willingham, Towill & Norman, Walter A. Reiser, Jr.,* for plaintiff in error.

*Eugene M. Kerr,* contra.

FELTON, Chief Judge. Where the claimant's husband died of a heart attack while on the job, having been advised by a physician following an earlier diagnosis of angina pectoris and coronary insufficiency that he could continue to drive a truck in his employment if he felt like it, decedent's failure to notify his employer of his heart condition and his continuing to drive a loaded truck with knowledge of his condition did not amount to such "wilful misconduct," under *Code* § 114-105 as to bar claimant's claim for compensation under the Georgia Workmen's Compensation Act.

"The general rule is that mere violations of instructions, orders, rules, ordinances and statutes, and the doing of hazardous acts where the danger is obvious, do not, without more, as a matter of law, constitute wilful misconduct. Such violations or failures or refusals generally constitute mere negligence, and such negligence, however great, does not constitute wilful misconduct or wilful failure or refusal to perform a duty . . . and will not defeat recovery of compensation." *Armour & Co. v. Little,* 83 Ga. App. 762 (64 S. E. 2d 707).

The cases urged by the plaintiff in error as authority for the proposition that decedent's conduct was "wilful misconduct," i.e., *Hall v. Kendall,* 81 Ga. App. 592 (59 S. E. 2d 421), and *Tift v. State,* 17 Ga. App. 663 (88 S. E. 41) involve criminal acts. While some wilful acts may bar a recovery even if they are not criminal acts, we are not prepared to say that the proba-

bility of decedent's having a heart attack was so great, in view of the doctor's advice, that his continuing to drive under these circumstances amounted to "wilful misconduct," since he had had but one attack and had followed his doctor's advice in not engaging in strenuous exercise, such as loading and unloading bricks.

As to the contention of the plaintiff in error that failure to notify his employer of his condition constituted wilful misconduct, it has been held that it is immaterial that the physical exertion engaged in by an employee is not unusual or excessive, and that the employer did not know about the employee's diseased condition. *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277 (9 S. E. 2d 84); *Williams v. Maryland Cas. Co.,* 67 Ga. App. 649 (21 S. E. 2d 478); *Bussey v. Globe Indem. Co.,* 81 Ga. App. 401 (59 S. E. 2d 34).

Where an award of compensation is supported by any competent evidence it is binding on the courts, *Bussey v. Globe Indem. Co.,* supra, therefore, the lower court did not err in affirming the award of the State Board of Workmen's Compensation. The motion by the defendant in error that damages be assessed against the plaintiff in error for a frivolous appeal is denied.

*Judgment affirmed. Nichols and Bell, JJ., concur.*