## 64183. PEACHTREE PLAZA HOTEL et al. v. HAYNES.

SOGNIER, Judge.

Haynes sustained an injury to his lower back while lifting a heavy object during the course of his employment as a bartender for Peachtree Plaza Hotel. Claimant Haynes received workers' compensation benefits for the resulting period of disability and underwent surgery for removal of a disc and a laminectomy. His benefits were suspended when he returned to work for Peachtree Plaza for approximately five months and was given lighter duties. However, he left the hotel because he was not working regularly, and secured employment as a fast food restaurant manager. After eight months, Haynes left the second job due to back problems caused by constant standing. Two weeks later, Haynes was riding a MARTA escalator downward when it stopped suddenly, causing him to fall forward and other persons to fall upon him. Approximately two weeks after the MARTA incident Haynes filed a request for a change of condition, seeking to have his workers' compensation benefits reinstated.

A hearing was held and additional medical evidence obtained. The administrative law judge found that Haynes had suffered a change of condition for which Peachtree Plaza Hotel was obligated because claimant had shown that his condition had changed for the worse *before* the escalator incident, as evidenced by his departure from his restaurant employment due to continued back problems. Peachtree Plaza unsuccessfully appealed the award to the full Board of Workers' Compensation and then to the Superior Court. Discretionary appeal to this court was granted. We affirm.

Appellant contends the trial court erred in affirming the board because the evidence does not support the decision of the board. The evidence shows that appellee's employment at the restaurant presented no new circumstances or work environment different than the original employment at the hotel and that in the course of performing his normal duties of employment, appellee experienced a worsening of his back condition to the point that he was no longer able to continue his work and suffered total disability. This evidence supports a conclusion that appellee suffered a " 'change in his condition' stemming from the original trauma for which the original employer was liable." *Slattery Assoc. v. Hufstetler,* 161 Ga. App. 389, 395 (288 SE2d 654) (1982). Accord *Hartford Acc. &c. Co. v. Troglin,* 148 Ga. App. 715 (252 SE2d 213) (1979); *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551) (1972).

Further, there is evidence that links the appellee's current disability with the original trauma (*St. Paul,* supra) and supports the

administrative law judge's finding that the escalator incident was "an unfortunate occurrence but not controlling under this set of facts...." The appellee testified that following several days of intense pain after the escalator accident, the usual pain he had experienced prior to the escalator incident resumed. While medical testimony was conflicting on this point, there was some evidence that claimant's condition had changed for the worse prior to and not as a result of the escalator incident. The administrative law judge's finding on causation of the current disability was sufficiently supported by the evidence. *Thomas v. U. S. Cas. Co.*, 218 Ga. 493, 494 (3) (128 SE2d 749) (1962); *American Motorists Ins. Co. v. Brown*, 128 Ga. App. 813, 814 (198 SE2d 348) (1973).

As the award is amply supported by the evidence and not contrary to law, the trial court did not err in affirming the board's decision.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*Roger A. Cone*, for appellants.
*Ronald S. Stevens, Kenneth M. Sissel*, for appellee.