A96A0575. FORT HOWARD PAPER COMPANY et al.
v. HALLISEY.
(471 SE2d 231)

BEASLEY, Chief Judge.

We granted Fort Howard Paper Company's application for discretionary appeal in order to review the award of workers' compensation disability benefits to Hallisey.

Hallisey was employed by Fort Howard when he slipped while working. His body twisted, and he pulled something in his lower back. He described it as feeling as though a muscle was snapping like a rubber band. He testified that this caused a severe burning sensation with an immediate onset of pain.

He reported the incident to his supervisor and asked for ibuprofen, which his supervisor provided, but he did not seek medical treatment. He worked the remainder of his shift even though his back was "pretty painful" and he developed a limp. He worked his full shift the next day but omitted doing things he knew would aggravate his back pain.

The following day was his day off. He did not do anything but lie around the house, apply a heating pad to his back, and take aspirin. Although this made him feel a lot better, he was still "pretty sore." Nonetheless, he decided to play a regularly scheduled golf match the next day. He described his golf game as "Terrible. Terrible. The worst round I had played in ages. I couldn't swing the club. The more I played the worse it hurt. It seemed like I was steady [sic] making it

worse as the day went on." After making his tee shot on the 24th hole, his back pain became so painful that he had to discontinue the game. He had difficulty walking from the tee to the cart, and he had to have the assistance of a golf course employee in loading his golf bag into his car.

When he arrived at home, he sought treatment from a doctor. The next day, he reported that he would not be coming to work because he had injured his back while playing golf. The orthopedic surgeon who treated him testified that in his opinion the golf game aggravated the work injury.

Hallisey subsequently filed a claim for temporary total disability and medical benefits. Fort Howard defended on the ground that Hallisey's disability was caused by an injury he sustained while playing golf rather than by his slip at work. The administrative law judge awarded benefits based upon his finding that the golf activity did not cause his disabling injury but rather "temporarily aggravated and accelerated the symptoms from the injury." The Appellate Division of the State Board adopted the ALJ's award and was affirmed by the superior court.

This case presents for decision the question of whether there is or may be a bar to the recovery of workers' compensation benefits where the employee's initial accidental injury took place in the course of employment but the aggravation of it was due to his own negligent conduct outside of the workplace.

In workers' compensation law, "an accident arises 'in the course of the employment' if it is an aggravation of an injury which took place in the course of employment or if it is the end product of a force or cause set in motion in the course of employment. [Cits.]" *U. S. Asbestos v. Hammock*, 140 Ga. App. 378 (1), 379 (231 SE2d 792) (1976). It is firmly established that an employee's negligence in *sustaining* a work-related injury is not a bar to compensation. See *Terry v. Liberty Mut. Ins. Co.*, 152 Ga. App. 583 (2), 584 (263 SE2d 475) (1979); *Merry Bros. Brick &c. Co. v. Neely*, 103 Ga. App. 616 (120 SE2d 137) (1961); *Lumbermen's Mut. Cas. Co. v. Lynch*, 63 Ga. App. 530 (2) (11 SE2d 699) (1940); OCGA § 34-9-17. However, an employee's conduct in negligently *aggravating* a work-related injury outside of the workplace may be a bar.

As Professor Larson explains, "[a] distinction must be observed between causation rules affecting the primary injury . . . and causation rules that determine how far the range of compensable consequences is carried, once the primary injury is causally connected with the employment. As to the primary injury, . . . the employee's own contributory negligence is ordinarily not an intervening cause preventing initial compensability. But when the question is whether compensability should be extended to a subsequent injury or aggra-

vation related in some way to the primary injury, the rules that come into play are essentially based upon the concepts of 'direct and natural results,' and of claimant's own conduct as an independent intervening cause." (Footnotes omitted.) Larson, The Law of Workmen's Compensation, p. 3-502, § 13.11 (1995); see *City of Buford v. Thomas*, 179 Ga. App. 769, 773-774 (3) (b) (347 SE2d 713) (1986). Coverage for the initial work-related injury does not relieve the employee of all responsibility for subsequent conduct relating to the cause of the injury.

Cases such as *Peachtree Plaza Hotel v. Haynes*, 163 Ga. App. 831 (296 SE2d 147) (1982), and *Atkinson v. Home Indem. Co.*, 141 Ga. App. 687 (234 SE2d 359) (1977), are examples of the general rule that "if a worker's compensation claimant shows that he received an initial injury which arose out of and in the course of his employment, then every normal consequence that flows from the injury likewise arises out of the employment." *Wilson v. Workers' Compensation Commr.*, 328 SE2d 485, 490 (6) (W. Va. 1984).

"If, however, a subsequent aggravation of the initial injury arises from an independent intervening cause not attributable to the claimant's customary activity in light of his condition, then such aggravation is not compensable." *Wilson*, supra. " 'If a claimant, knowing of certain weaknesses, rashly undertakes activities likely to produce harmful results, the chain of causation is broken by claimant's own negligence. . . .' " *Johnnie's Produce Co. v. Benedict & Jordan*, 120 S2d 12, 13-14 (Fla. 1960).

In this case, the uncontradicted evidence shows that Hallisey became disabled after aggravating his receding work-related back injury by choosing to play some 23 holes of golf, even though he was still recovering from the injury and his back pain became steadily worse as the game progressed. As a matter of law, such negligence broke the chain of causation between Hallisey's initial injury and his resulting disability. Therefore, the court below erred in affirming the award of benefits to him.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 17, 1996 —
RECONSIDERATION DENIED MAY 8, 1996 — 

*Brennan & Wasden, Marvin W. McGahee*, for appellants.
*Donaldson, Herndon, Bell & Metts, Thomas R. Herndon*, for appellee.