484 S.E.2d 653 (1997)
268 Ga. 58
HALLISEY
v.
FORT HOWARD PAPER COMPANY et al.
No. S96G1408.
Supreme Court of Georgia.
April 14, 1997.
Reconsideration Denied May 30, 1997.
Thomas R. Herndon, Donaldson, Herndon, Bell & Metts, Savannah, for James L. Hallisey.
Marvin W. McGahee, Brennan & Wasden, Savannah, for Fort Howard Paper Company.
THOMPSON, Justice.
This worker's compensation case addresses the issue of whether an employee, who is injured on the job, is entitled to disability benefits if he negligently aggravates his injury outside of the workplace.
James Hallisey suffered an injury to his lower back while in the scope of his employment. He reported the incident to his supervisor, returned to his work station and completed his shift. The following day, Hallisey worked a full shift.
Hallisey was not scheduled to work the next two days. On his first day off, Hallisey rested, took aspirin and applied a heating pad to his back which was still "pretty sore." The following day, Hallisey decided to play a previously scheduled round of golf. After his tee shot on the twenty-fourth hole, Hallisey's back became so painful that he had to quit and seek medical treatment.
Hallisey subsequently filed a claim for temporary total disability benefits. Medical records indicated that Hallisey injured himself at work and aggravated his injury playing golf.
The ALJ awarded benefits, holding that the golf game did not cause the disabling injury but rather "temporarily aggravated and accelerated the symptoms from the [work] injury." The award was adopted by the appellate division and affirmed on appeal to the superior court. The Court of Appeals granted discretionary review and reversed. It found that "Hallisey became disabled after aggravating his receding work-related back *654 injury by choosing to play some 23 holes of golf, even though he was still recovering from the injury and his back pain became steadily worse as the game progressed." Based on that finding, the Court of Appeals concluded that Hallisey was negligent and that, as a matter of law, his negligence "broke the chain of causation between [his] initial injury and his resulting disability." Fort Howard Paper Company v. Hallisey, 221 Ga.App. 325, 327, 471 S.E.2d 231 (1996).
We granted certiorari and posed the following query: Did the Court of Appeals correctly hold that Hallisey's conduct in playing golf was sufficient to break the chain of causation between his initial injury and his resulting disability? Because there was evidence to support the ALJ's finding that Hallisey's conduct merely accelerated and aggravated the work-related injury, and because the Georgia Workers' Compensation Act does not treat an employee's negligence in aggravating an injury as an intervening cause, we answer the question in the negative.
1. The ALJ is vested with the authority to make findings of fact in workers' compensation claims. The appellate division of the workers' compensation board must accept the ALJ's findings where there is a "preponderance of competent and credible evidence" to support the decision. O.C.G.A. § 34-9-103; Bankhead Enterprises v. Beavers, 267 Ga. 506, 480 S.E.2d 840 (1997). The appellate division accepted the ALJ's finding that Hallisey's golf game did not give rise to a new injury, but that it aggravated his work injury. This decision cannot be disturbed as long as there is any evidence to support it, Blackwell v. Liberty Mut. Ins. Co., 230 Ga. 174, 175, 196 S.E.2d 129 (1973), because neither the superior court nor the appellate court has the power to find facts. Southwire Co. v. George, 266 Ga. 739, 742, 470 S.E.2d 865 (1996).
In reviewing a workers' compensation award, both this Court and the Court of Appeals must construe the evidence in the light most favorable to the prevailing party. South Ga. Timber v. Petty, 218 Ga.App. 497, 462 S.E.2d 176 (1995). When construed in the light most favorable to Hallisey, it is clear that there is competent evidence to support the award of benefits. Hallisey testified that his back was originally injured at work. Medical testimony confirmed that Hallisey's disability was linked to the original work injury. Although the ALJ determined that Hallisey's golfing accelerated and aggravated the original injury, he concluded that it did not give rise to a new injury.
2. The employer argues that Hallisey was negligent in playing golf with a back injury, and that Hallisey's negligence broke the chain of causation between the initial injury and the resulting disability. It is well established that an employee's negligence in sustaining or aggravating a compensable injury in the workplace is not a bar to compensation. O.C.G.A. § 34-9-17 (compensation disallowed only if employee engages in wilful misconduct, or is under the influence of drugs or alcohol). The employer argues, however, that an employee's conduct in negligently aggravating a work-related injury outside of the workplace should be a bar. See Larson, Workers' Compensation Law, Vol. 1, 3-727, § 13.22(a) (1997) ("If a claimant instead of allowing his wound to heal, deliberately engages in conduct which presents a strong probability of reopening the wound, the re-injury is not compensable.") Although this approach has been adopted in other jurisdictions, Amoco Chem. Corp. v. Hill, 318 A.2d 614 (Del.Super.1974) (negligently playing basketball against doctor's orders broke the chain of causation); Allen v. Glenn Baker Trucking, Inc., 875 S.W.2d 92 (Ky.1994) (negligently driving against doctor's orders broke the chain of causation), it is not the law in Georgia.
The legislature has articulated that "an unreasonable refusal to submit to surgery, or a neglect to follow any reasonable surgical treatment" will break the chain of causation between subsequent disability and the original work injury. O.C.G.A. § 34-9-204. But it has not addressed the situation presented in this case. If the legislature intended to bar an employee from receiving benefits because he aggravated an original work injury by engaging in negligent conduct outside of the workplace, it could have done so. Its *655 refusal to legislate in this regard does not open the door for the courts of this state to make law. It follows that the Court of Appeals erred in holding that Hallisey's negligence outside the workplace broke the chain of causation between Hallisey's initial injury and his resulting disability.
3. Because the ALJ determined that Hallisey's disability was an acceleration and aggravation of an injury which arose out the course of his employment, and there is evidence to support that determination, the judgment of the Court of Appeals is reversed.
Judgment reversed.
All the Justices concur.